On October 3, 1975 the court issued the following order:
Before SkeltoN, Judge, Presiding, Kashiwa and KuNzig, Judges.
“This case arises as a result of plaintiff’s suit to “enforce benefit under the Federal Employee’s Liability Act.” Rather than filing an answer, the Government moves for a dismissal of plaintiff’s petition on the grounds that it fails to state a claim upon which relief can be granted, alleging that this court has no jurisdiction over the subject matter in question here.
“Plaintiff, an employee of the United States Postal Service, allegedly injured his wrist while on duty with the Post Office. At the time of the injury plaintiff filed a notice of injury with the Office of Federal Employees Compensation and received on July 6, 1974, compensation for the costs of his medical attention. Subsequently, plaintiff has addressed several letters to that office seeking disability payments for wha,t he claimed to be permanent and temporary injuries resulting from this incident, however, at no time did plaintiff file a formal claim for compensation. Having received no action, plaintiff now sues here for benefits he alleges is due him as a result of his injury.
“In his petition, plaintiff claims under the “Federal Employee’s Liability Act,” however, no act exists with this title. If plaintiff means the Federal Employers’ Liability Act, 45 U.S.C. § 51 (1970), then his action is misplaced since that act applies only to employees of railroads and his petition would have to. be dismissed. Presumably, therefore, plaintiff must be suing under the Federal Employees’ Compensation Act (FECA), 5 U.S.C. §8101 et seq. (1970) which compensates federal employees for death or disabilir *1038 ties incurred while employed at federal jobs. Section 8116(c) of this Act states that FECA is the exclusive remedy for a federal employee. Plaintiff would therefore be required to make his claim under the Act rather than through a suit in this court. The fact that plaintiff has never placed a formal claim under FECA for the injuries now complained of here is critical in view of the exclusivity of the Act in denying us jurisdiction over this action. Moreover, 5 U.S.C. § 8128 states that all decisions by the Secretary of Labor under this Act are final and ‘not subject to review by another official of the United States or by a court by mandamus or otherwise. * * *’ It is therefore clear to this court that we are without any jurisdiction to decide this case. Plaintiff’s sole remedy appears to be under FECA and not here.
“Even if plaintiff claims that this was not such a work related injury as to be covered by FECA, his suit would have to be dismissed since it would then sound in tort, and this court has no jurisdiction over actions sounding in tort. Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F. 2d 1002 (1967).
“it is therefore ordered that without oral argument and for the reasons stated above, defendant’s motion to dismiss this action is granted and plaintiff’s petition is dismissed.”