In this suit, filed August 1, 1977, plaintiff, a former civilian employee of the Navy in California, asks for three principal forms of relief: (a) the setting aside of an unsatisfactory performance rating he received in 1970; (b) the voiding of his involuntary disability retirement initiated by the Navy and granted by the Civil Service Commission, together with the award of back-pay; and (c) alternatively, the award of work-related disability benefits. The Government has moved for summary judgment on various grounds.
For our disposition it is unnecessary to set out the facts in detail; a sketch will suffice. Plaintiff (who had previous employment with the Army) began to work for the Navy as a General Engineer at the end of April 1968. About a year and one-half later he was warned in writing that his work was unsatisfactory and that if he did not improve by March 31,1970, his supervisor would recommend an official rating of unsatisfactory. Such a recommendation was made at the end of that period, and was approved by the Performance Rating Board and the Commanding Officer. Plaintiff appealed to the Navy Performance Rating Appeal Panel, which after a hearing sustained the rating. He was told he *636 could appeal the decision to the Civil Service Commission’s Performance Rating Board of Review within 30 days but did not do so until about a year and three-quarters later (after he had been retired). The appeal was rejected as untimely.
During this period plaintiff suffered "severe mental and emotional distress, strain, and pressure” — which he attributes to the actions and attitude toward him of his superiors and co-workers — and was voluntarily institutionalized for about a month at a state mental hospital. Thereafter, in April 1971, the Navy determined to initiate involuntary disability retirement on his behalf. Plaintiff opposed this application before the Civil Service Commission’s Bureau of Retirement, Insurance and Occupational Health and the Board of Appeals of Review (BAR). In January 1974, the BAR determined that he was disabled for work as a General Engineer and upheld his involuntary retirement.
1. The Government is correct that we cannot consider plaintiffs attack on his unsatisfactory performance rating as a separate claim. No non-tortious monetary relief is or could be sought in connection with the rating, but our jurisdiction in a case like this entails the seeking of a non-tortious monetary remedy and excludes the granting of declaratory or injunctive relief (unconnected with a monetary judgment within our jurisdiction). United States v. King, 395 U.S. 1 (1969).
2. As for the involuntary disability retirement, plaintiff says that (a) he was improperly denied a hearing by the Civil Service Commission, and (b) that he was not permanently disabled. Defendant correctly points out that all the law requires is that the employee be offered a hearing if he wants one, that plaintiff was in fact offered a hearing by the Commission, that sufficient time to prepare for a hearing was allotted, but that he ultimately advised that his written presentation was to take the place of a formal hearing.[1] On the merits of the disability retirement, this court’s scope of review is very limited. 5 U.S.C. § 8347; Gaines v. United States, 158 Ct. Cl. 497, 502, cert. denied, *637 371 U.S. 936 (1962); Scroggins v. United States, 184 Ct. Cl. 530, 533-34, 397 F. 2d 295, 297, cert. denied, 393 U.S. 952 (1968); McFarland v. United States, 207 Ct. Cl. 38, 517 F. 2d 938 (1975), cert. denied, 423 U.S. 1049 (1976). Here, the defendant has presented us with an extensive record and considerable discussion supporting the Commission’s determination; from the plaintiff we have only the bare conclusion that he was not permanently disabled (without any supporting affidavits or documentation). Indeed, as we read his opposition to the defendant’s motion for summary judgment, he repeatedly asserts (in the course of rebutting defenses of limitations and laches which we do not reach) that he was in fact psychiatrically disabled at least from the time he received the adverse performance rating (and even before) until he was finally found eligible for disability retirement. In the circumstances we do not see any sufficient ground for voiding the disability retirement either on substantive or on procedural grounds.[2]
Plaintiffs alternative claim that he be awarded benefits for a work-related disability is entirely beyond this court’s jurisdiction. The Federal Employees’ Compensation Act provides the exclusive method for compensating federal employees for such detriments, 5 U.S.C. § 8116(c) (1970), and it also declares, 5 U.S.C. § 8128(b) (1970), that the action of the Secretary of Labor in allowing or denying federal employees benefits for work-related injuries or disability is
"(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.”
We have already held that we have no jurisdiction of claims under that Act or of that type. Pasquino v. United States, 207 Ct. Cl. 1037 (1975).
*638 IT IS THEREFORE ORDERED AND CONCLUDED, without Oral argument, that defendant’s motion for summary judgment is granted and that the petition is dismissed.

 Plaintiffs petition says conclusorily that he was unable to obtain legal counsel "to assist him in preparing for a hearing or to represent him at such a hearing,” but the record reveals that his former counsel withdrew some six months before plaintiff advised the Commission that he did not wish an oral hearing and there is no indication of why he could not get counsel in the interim except for statements from his counsel strongly tending to support the Government’s position that he was disabled on psychiatric grounds.

 It appears from his own brief that, because of his psychiatric condition, plaintiff insisted on handling most of the retirement proceeding himself (see footnote 1, supra); the Government cannot be faulted because, due to the very condition for which involuntary retirement was sought, he dispensed with counsel. See Frommhagen v. United States, 216 Ct. Cl. 1, 573 F. 2d 52 (1978), cert. denied, 440 U.S. 909 (1979).
Plaintiff also seeks to tie the adverse performance rating (which he challenges on procedural grounds) to the disability retirement but it appears that the only connection is that the actions and conduct which led to his retirement also led to the substandard performance which was found.