Per Curiam :
Plaintiff is a veteran who formerly worked as a wage board employee at the Atlanta General Depot of the Department of the Army. He appears in this court in his own behalf and it is difficult to decipher his precise claims. From the welter of allegations and materials set forth in his layman’s petition (as amended formally and informally), as well as from his motion, responses, and voluminous exhibits, we gather that primarily he (a) seeks pay for periods of uncompensated overtime he alleges he worked at the Depot, and (b) asserts that his involuntary retirement from federal employment for medical disability in October 1960 was invalid, that he was therefore never properly removed from the rolls of federal employees at the Depot, and that *499 be is entitled to his regular pay since that date. On both of these issues the pertinent facts are adequately before us on the plaintiff’s motion for partial summary judgment and the defendant’s motion for full summary judgment. There is no merit to either monetary demand. Other claims seek affirmative relief beyond this court’s jurisdiction, relate to personnel matters which have turned out favorably to plaintiff and on which he now has no monetary claim, or seek judgments for other Depot employees.
Overtime: Section 23 of the Act of March 28, 1934, 48 Stat. 522, as amended, 5 U.S.C. § 6730, provides that for wage board employees of the Federal Government “the regular hours of labor shall not be more than forty per week; and all overtime shall be compensated for at the rate of not less than time and one-half.” Suits under this Act have several times been before the court and recoveries have been allowed, but the difficulty with the present demand is that plaintiff has not shown that he performed such overtime work com-pensable under the statute.
The regulations of the Atlanta General Depot (Depot Operating Procedure No. 690-15, dated October 11, 1956, paragraph 9) require that requests for overtime work be submitted on a designated form and processed in a prescribed manner;[1] no such request was made or granted for the periods for which plaintiff sues. His official time and attendance report forms for those periods do not show the claimed overtime. His immediate supervisors have sworn in affidavits — which plaintiff has summarily contradicted but without giving any details or specific circumstances — that they did not authorize or induce him to perform overtime work on these occasions.[2] Plaintiff’s papers in this court do not present any genuine issue as to these facts but he insists that he actually worked extra hours and thereafter received compensatory leave for such periods of alleged overtime work. His contention is that statutory overtime should have been officially ordered, that the allowance of *500 compensatory leave was unlawful, and that be is now entitled to be paid tbe overtime which he says should have been authorized.
The answer to a claim of this type, in the circumstances shown by this record, was given by the court some years ago when this same plaintiff sought overtime pay, in a like situation, while employed by the Civil Aeronautics Administration from 1948 to 1950. Gaines v. United States, 132 Ct. Cl. 408, 412-413. Construing comparable legislation and regulations, we held that no claim for such overtime pay could be allowed or recognized unless the work was actually authorized or approved by an appropriate government official. See also Post v. United States, 121 Ct. Cl. 94; Tabbutt v. United States, 121 Ct. Cl. 495; Gray v. United States, 136 Ct. Cl. 312. In other cases we have applied this principle to allow recovery even though there may have been no express order, authorization, or approval, and the administrative officials have refused to characterize the work as “overtime.” See, e.g., Farley v. United States, 131 Ct. Cl. 776; Anderson v. United States, 136 Ct. Cl. 365; Parks v. United States, 141 Ct. Cl. 415. But the court has not given judgment under this type of overtime legislation (relating to federal employees) unless the work or activity which is the basis of the claim has been authorized, approved, ordered, or confirmed by an authority empowered to do so. In this case, as in his earlier litigation, plaintiff has failed to show (or to raise a genuine question) that such authorization or approval was given, either expressly or in effect. Whatever may have been the propriety of granting plaintiff compensatory leave for time worked previously,[3] he cannot recover statutory overtime pay for any alleged extra work during that prior period if the work was not ordered or approved by a proper official.
Disability retirement: The Civil Service Retirement Act, 46 Stat. 468, as amended, 5 U.S.C. § 2257(a), authorizes the Civil Service 'Commission to retire a disabled federal employee, “upon his own application or upon application by *501 his department or agency.” Taking advantage of the latter provision, the Atlanta General Depot — after a general medical examination and psychiatric evaluation of the plaintiff — submitted to the Commission (on May 17, 1960) an application for his involuntary disability retirement. Plaintiff, who had refused to execute such a request, protested several times to the Commission and submitted materials bearing on the application and his capacity to perform his job. He asked that he be shown the medical reports furnished to the Commission by the Depot, but this information was refused. The Commission requested him to present himself for another medical examination by a Commission-designated specialist; plaintiff finally did so and the doctor made a report to the Commission. On August 5,1960, plaintiff and the Depot were informed that the application for disability retirement had been approved by the Bureau of Retirement and Insurance of the Commission. Plaintiff was notified of his right to appeal to the Commission’s Board of Appeals and Review. He indicated that he desired to appeal and wrote letters setting forth or indicating materials he wished to be considered (together with a renewed request for the medical reports before the Commission, which was again denied). On October 10,1960, the Board of Appeals and Review informed plaintiff that it had “completed a careful study of the facts in your case, including the representations submitted in support of your appeal” and had concluded, on “a review of the total evidence of file,” that he was totally disabled. The retirement was made effective as of October 24, 1960, and after some adjustments directed by the Commission plaintiff was paid his regular “active duty” pay for the period up to that date. He has since been receiving retirement pay.
In this court plaintiff attacks his involuntary retirement on many fronts, but it is clear that the scope of judicial review in connection with a disability retirement is very narrow. The Civil Service Retirement Act empowers the Commission to administer the retirement provisions and to issue the necessary and proper rules and regulations (5 U.S.C. § 2266); the Act also provides that questions of disability “shall be determined by the Commission and its *502 decisions with, respect to such, matters shall be final and conclusive and shall not be subject to review” (5 U.S.C. § 2266 (c)). The Court of Appeals for the District of Columbia Circuit has already indicated the limited nature of possible court scrutiny in disability retirement cases. Ellmore v. Brucker, 236 F. 2d 734, 736-737, cert. denied, 352 U.S. 955; Murphy v. Wilson, 236 F. 2d 737; Smith v. Dulles, 236 F. 2d 739, 740, 742, cert. denied, 352 U.S. 955. At most, a court can set the Commission’s determination aside (or refuse to recognize it as valid) only where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error “going to the heart of the administrative determination.”
Certain of plaintiff’s points are hyper-technical arguments that the Commission or the Depot did not follow every jot and tittle of the applicable procedures (as plaintiff reads them strictly) — but without any showing that the alleged departures were substantial or important. Other contentions fly in the face of the Eetirement Act’s provision for an involuntary application by the employee’s agency; or contravene the ruling of the District of Columbia Circuit that no hearing is required by statute or regulation (236 F. 2d at 736, 738, 740); or disregard the principle that a court cannot substitute its judgment on medical evidence for the determination of the Commission (see 236 F. 2d at 736).
Only two arguments deserve further discussion. The first is that the Commission refused to make available to plaintiff himself the medical reports and information before it. This was done under the Commission’s regulation (5 C.F.E. 29.12 (a)(4)) that “[w]here the nature of the disability is reported to be a mental condition or other condition of such a nature that a prudent physician would hesitate to inform an individual found to be suffering from such a condition of its exact nature and probable nature,” a complete summary of the medical evidence will be made available only to a physician designated by the employee.[4] The general validity of this regulation was upheld in Ellmore v. Brucker, *503 supra, 236 F. 2d at 736, and we agree that as applied to this case — in which there was apparently no attempt by plaintiff to have the Commission make available a summary of the medical evidence to his own physician[5]—the regulation is within the scope of the Commission’s broad rule-making power under the Retirement Act. The statutory character of a disability retirement proceeding for civilian employees and the nature of certain mental (and other) conditions combine to sustain the regulation as applied here.
Plaintiff also charges that the Board of Appeals and Review did not consider medical and other evidence which he submitted to the Commission. But he presents no adequate basis for this suspicion and there is nothing in the record before us which supports the claim. On the contrary, the Board’s letter of October 10th to plaintiff discloses that its study of the case included “the representations in support of your appeal” and “a review of the total evidence of file.” If plaintiff failed to supply other materials which he desired to submit, it was not the Commission’s fault; he had ample opportunity.
Other claims: Plaintiff has included prayers for injunctive and other affirmative relief which is beyond the jurisdiction of this court. He also erroneously seeks to vindicate the claims for overtime compensation of other employees at the Atlanta General Depot. Finally, he puts great emphasis on certain personnel actions against him taken by the Depot, prior to his retirement, which the Civil Service Commission has reversed and corrected. He has been administratively paid the sums due as a result of these corrections and nothing further is owing.
Plaintiff’s motion for partial summary judgment is denied. Defendant’s cross-motion for summary judgment is granted. The petition will be dismissed.
It is so ordered.

 These implementing regulations do not controvert the statute. Biggs v. United States, 152 Ct. Cl. 545, 287 F. 2d 908.

 Plaintiff does not attempt to show that his claimed overtime work was authorized in accordance with the Depot procedure and regulations, or that it was directed or approved by the proper higher-echelon officials at the Depot.

 The fact that plaintiff accepted compensatory leave tends to show that, if he worfced extra hours, he did so voluntarily. Cf. Baca v. United States, 150 Ct. Cl. 70, 85, cert. denied, 364 U.S. 892; Goode v. United States, 25 Ct. Cl. 261, 267.

 The record contains affidavits by Commission doctors that tie medical evidence upon which the Commission’s decision was based should not, under the regulation, be disclosed to the plaintiff himself.

 Plaintiff was informed by tie Commission on August 22d that “[s]hould your own physician need a medical report for his use it would be furnished to him on receipt of his request and accompanied by a signed authorization from you for us to give him such medical evidence.”