**Calvin MORGAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, MERIT SYSTEMS PROTECTION BOARD, Respondent.**

° No. 81–1961.

United States Court of Appeals,
Eighth Circuit.

Submitted March 9, 1982.

Decided April 13, 1982.

James M. Ammel, Woodson Walker Associates, P. A., Little Rock, Ark., for petitioner.

---

Joseph A. Norris, Gen. Counsel, Murray M. Meeker, Atty., Washington, D. C., for respondent.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Calvin Morgan petitions this court for judicial review of a final order of the Merit Systems Protection Board (MSPB) affirming a decision of the Office of Personnel Management (OPM) denying his application for civil service disability retirement benefits under 5 U.S.C. § 8337(a). For reversal petitioner argues that (1) the order of the MSPB is not supported by substantial evidence and (2) the presiding officer erroneously failed to consider petitioner's emotional or mental condition in determining disability. For the reasons discussed below, we conclude that 5 U.S.C.A. § 8347(c) (West 1980 Laws Special Pamphlet 1981)[1] precludes judicial review of the order of the MSPB and accordingly dismiss the petition.

Under 5 U.S.C. § 8337(a) a federal employee must have completed five years of civilian service and have been found to have become "disabled" within the meaning of 5 U.S.C. § 8331(6)[2] in order to receive disability retirement benefits. *E.g., Polos v. United States,* 621 F.2d 385, 391 (Ct.Cl.

1980). Petitioner began working for the federal government on June 23, 1973, as a nursing assistant at the Veterans Administration Medical Center in Little Rock, Arkansas. On October 2, 1979, petitioner applied for disability retirement benefits under 5 U.S.C. § 8337(a), claiming that he had injured his back on July 1, 1979, while attempting to lift a patient. Petitioner claimed that he is unable to perform the essential duties as a nursing assistant and that he continues to suffer pain as a result of his back injury. Nursing assistants perform many physical tasks such as lifting patients and equipment. Petitioner submitted numerous medical reports in support of his application.

On May 1, 1980, OPM denied petitioner's application on the ground that petitioner had failed to establish the requisite "total disability." It was not disputed that petitioner satisfied the minimum length of employment requirement and filed a timely application for benefits. OPM affirmed the denial of benefits upon reconsideration. Petitioner then appealed the decision to the MSPB. Following an evidentiary hearing, the "presiding official"[3] affirmed the denial of disability retirement benefits. In August 1981, the MSPB denied petitioner's request for review of the decision of the

---

1. 5 U.S.C. § 8347(c), as amended by Act of Dec. 5, 1980, Pub.L.No. 96–500, § 1, 94 Stat. 2696 (1980). § 2 of Pub.L.No. 96–500 provided that the 1980 amendments to § 8347(c) and (d) would apply with respect to determinations made by OPM on or after Jan. 1, 1981 (the first day of the first month beginning after the date of enactment, Dec. 5, 1980).

2. 5 U.S.C. § 8331(6) then provided:
   "disabled" and "disability" mean totally disabled or total disability, respectively, for useful and efficient service in the grade or class of position last occupied by the employee . . . because of disease or injury not due to vicious habits, intemperance, or willful misconduct on his part within 5 years before becoming so disabled.
   This definition was repealed in 1980. Act of Dec. 5, 1980, Pub.L.No. 96–499, Title IV, § 403(b), 94 Stat. 2606. A new definition of disability was incorporated into § 8337(a), which provides in part:
   Any employee shall be considered to be disabled only if the employee is found by the

Office of Personnel Management to be unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment, under procedures prescribed by the Office, to a vacant position which is in the agency at the same grade or level and in which the employee would be able to render useful and efficient service.
*Id.* § 403(a) (codified at 5 U.S.C.A. § 8337(a) (West 1980 Laws Special Pamphlet 1981)). The new definition of "disabled" is not applicable to the present case because the amendments were not effective until 90 days after the effective date of the act, December 5, 1980. *Id.* § 403(c).

3. A "presiding official" includes "[a]ny person designated by the Board to preside over any hearing or to make a decision on the record, including an appeals officer, an administrative law judge, the Board, or any of the Members of the Board." 5 C.F.R. § 1201.4(a) (1981).

presiding official. Petitioner then brought this petition for review under 5 U.S.C. § 7703(a)(1), which provides: "Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision." Petitions for review are to be filed in the Court of Claims or the United States court of appeals. *Id.* § 7703(b)(1).[4]

■ Petitioner argues that the order of the MSPB is subject to judicial review in this court under 5 U.S.C. § 7703(a)(1), (b)(1).[5] In support of this position petitioner relies upon the plain language of § 7703 and the references to the availability of judicial review under § 7703 in the initial decision of the presiding official, *Morgan v. OPM*, No. DA831L8110071 (Mar. 4, 1981) (slip op. at 10), and in the final order of the MSPB, *id.* (Aug. 4, 1981) (slip op. at 1).

Respondents OPM and MSPB argue that this court lacks jurisdiction to review disability retirement decisions under either 5 U.S.C. § 7703 or 5 U.S.C.A. § 8347(c). We agree. The general judicial review provision for final orders of the MSPB, 5 U.S.C. § 7703, is not applicable to the present case. Petitioner has been "adversely affected or aggrieved" by a final order or decision of the MSPB. However, petitioner was denied disability retirement benefits under 5 U.S.C. § 8337(a); petitioner was not subject to an adverse employment decision, such as suspension, removal or reduction in grade, initiated by the agency. *See* 5 U.S.C. § 7501 *et seq.* Retirement benefits decisions involve separate and distinct administrative proceedings subject to review under 5 U.S.C.A. § 8347(c) and not 5 U.S.C. § 7703. *See Washington v. Jacobs*, 147 U.S.App.D.C. 366, 458 F.2d 785, 787 (per curiam), *cert. denied*, 409 U.S. 895, 93 S.Ct. 161, 34 L.Ed.2d 153 (1972).

■ Petitioner also argues that the order is subject to judicial review under a more limited standard of review pursuant to 5 U.S.C.A. § 8347(c), citing a line of Court of Claims cases. *See, e.g., Polos v. United States*, 621 F.2d at 391 & n.9; *Fancher v. United States*, 218 Ct.Cl. 504, 588 F.2d 803, 806 & n.3 (1978); *Scroggins v. United States*, 184 Ct.Cl. 530, 533–34, 397 F.2d 295, 297, *cert. denied*, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968).

Title 5 U.S.C.A. § 8347(c) provides in part that the decisions of the OPM concerning questions of disability and dependency under the Civil Service Retirement Act, 5 U.S.C. §§ 8331—8348, are "final and con-

---

4. Under 28 U.S.C. § 2342(6) the courts of appeals have jurisdiction to review final orders of the MSPB except as provided for in 5 U.S.C. § 7703(b). Under 5 U.S.C. § 7703(b)(2) discrimination claims are initially reviewed by the district courts.

5. Petitioner also argues that the appropriate standard of review is whether the administrative decision is supported by substantial evidence in the record as a whole, that the decision in the present case is not supported by substantial evidence, and that the presiding official erroneously failed to consider petitioner's emotional or mental· condition in determining disability.

 As discussed in the text, respondents argue that orders denying disability retirement benefits are not subject to judicial review under 5 U.S.C.A. § 8347(c). On the merits respondents argue that the appropriate standard of review is a very limited one: the reviewing court may only set aside the decision where "there has been a substantial departure from important procedural rights, a misconstruction of governing legislation, or some like error 'going to the heart of the administrative determination.'" *Scroggins v. United States*, 184 Ct.Cl. 530, 533–34, 397 F.2d 295, 297, *cert. denied*, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968), *citing Gaines v. United States*, 158 Ct.Cl. 497, 502, *cert. denied*, 371 U.S. 936, 83 S.Ct. 309, 9 L.Ed.2d 271 (1962). *See also Plaxico v. MSPB*, No. 80–3214 (6th Cir. Aug. 19, 1980) (order of dismissal); *Polos v. United States*, 621 F.2d 385, 391–92 & n.9 (Ct.Cl.1980); *Fancher v. United States*, 218 Ct.Cl. 504, 588 F.2d 803, 806 (1978). Respondents further argue that petitioner has failed to establish an error "going to the heart of the administrative determination."

 In his reply brief petitioner argues that even under the very limited standard of review of § 8347(c), he established a misconstruction of the governing legislation (failure to give appropriate consideration to petitioner's emotional or mental condition in making disability determination) and an error going to the heart of the administrative determination (harmful misjudgment in evaluating the evidence).

clusive and are not subject to review." As noted by petitioner, this "finality clause" has been construed by the Court of Claims to be

a special and unusual restriction on judicial examination, and under it courts are not as free to review Commission retirement decisions as they would be if the "finality" clause were not there.... [A]t best, a court can set aside the Commission's determination "only where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'"

*Scroggins v. United States,* 184 Ct.Cl. at 533–34, 397 F.2d at 297, *citing Gaines v. United States,* 158 Ct.Cl. 497, 502, *cert. denied,* 371 U.S. 936, 83 S.Ct. 309, 9 L.Ed.2d 271 (1962).[6] Thus, the Court of Claims has construed 5 U.S.C. § 8347(c) to provide for very limited judicial review of disability retirement decisions. *E.g., Fancher v. United States,* 588 F.2d at 806 & n.3. We respectfully disagree with the position of the Court of Claims.

"[E]ven in the absence of any provision for judicial review there is a strong presumption in favor of judicial review of final agency action, and ... [in order] to preclude such review there must be a showing of 'clear and convincing evidence' of a contrary legislative intent." *Lloyd A. Fry Roofing Co. v. EPA,* 554 F.2d 885, 887 (8th Cir. 1977), *citing Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). "A congressional intent to limit review need not be express, but may be drawn from a statute's legislative history, purpose and design." *Lloyd A. Fry Roofing Co. v. EPA,* 554 F.2d at 889. We have reviewed the legislative history, purpose, and design of 5 U.S.C.A. § 8347(c) and conclude that this section precludes judicial review of disability retirement decisions, except for decisions involving individuals

found to be mentally disabled pursuant to an application by the agency under 5 U.S.C.A. § 8347(d)(2) (West 1980 Laws Special Pamphlet 1981).

Before amendment in 1980, § 8347(c) and (d) provided:

(c) The Office shall determine questions of disability and dependency arising under this disability and dependency arising under this subchapter. The decisions of the Office concerning these matters are final and conclusive and are not subject to review. The Office may direct at any time such medical or other examinations as it considers necessary to determine the facts concerning disability or dependency of an individual receiving or applying for annuity under this subchapter. The Office may suspend or deny annuity for failure to submit to examination.

(d) An administrative action or order affecting the rights or interests of an individual or of the United States under this subchapter may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board.

These sections provided for *administrative* appellate review of disability and dependency determinations but did not provide for *judicial* review. *Compare* 5 U.S.C. § 7703. This bar against judicial review of disability and dependency determinations was expressly recognized in the legislative history of the 1980 amendments of § 8347(c) and (d). *See* S.Rep.No. 96–1004, 96th Cong., 2d Sess. 2, *reprinted in part in* 5 [1980] U.S. Code Cong. & Ad.News 5986, 5987; H.R. Rep.No.96–1080, 96th Cong., 2d Sess. 4 (1980); *RFEHB Plan, Survivor Benefit, and Fitness-for-Duty Exams: Hearing on H.R. 2510, H.R. 5410, S. 716 Before the Subcomm. on Compensation and Employee Benefits of the House Comm. on Post Office and Civil Service,* 96th Cong., 1st Sess. 4 (1979) (statement of Gary Nelson, Assoc.

---

**6.** The Civil Service Reform Act of 1978, Pub. L.No. 95–454, 92 Stat. 1111 (1978), abolished the Civil Service Commission and placed the Commission's administrative functions in the OPM and the Commission's appellate functions in the MSPB. These changes were characterized in the legislative history as mere technical amendments. *See Chavez v. OPM,* No. DA831L09003 (MSPB May 28, 1981) (slip op. at 10).

Dir., Compensation Group, OPM); *Use of Physical and Psychiatric Examinations to Determine Fitness for Duty: Oversight Hearing Before the Subcomm. on Compensation and Employee. Benefits of the House Comm. on Post Office and Civil Service,* 95th Cong., 2d Sess. 4 (1978) (statement of Thomas R. Kennedy, Staff Dir., Subcomm. on Investigations, Comm. on Post Office and Civil Service).

The 1980 amendments, Act of Dec. 5, 1980, Pub.L. No. 96–500, § 1, 94 Stat. 2696 (1980), added a new subsection to § 8347(d) and made corresponding changes in § 8347(c). As amended, 5 U.S.C.A. § 8347(c) and (d) provide (language added by amendment emphasized):

(c) The Office shall determine questions of disability and dependency under this subchapter. *Except to the extent provided under subsection (d) of this section,* the decisions of the Office concerning these matters are final and conclusive and are not subject to review. The Office may direct at any time such medical or other examinations as it considers necessary to determine the facts concerning disability or dependency of an individual receiving or applying for annuity under this subchapter. The Office may suspend or deny annuity for failure to submit to examination.

(d)(1) *Subject to paragraph (2) of this subsection,* an administrative action or order affecting the rights or interests of an individual or of the United States under this subchapter may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board.

(2) *In the case of any individual found by the Office to be disabled in whole or in part on the basis of the individual's mental condition, and that finding was made pursuant to an application by an agency for purposes of disability retirement under section 8337(a) of this title, the procedures under section 7701 of this title shall*

*apply and the decision of the Board shall be subject to judicial review under section 7703 of this title.*

The 1980 amendments thus expressly create a narrow exception to the bar against judicial review of disability and dependency determinations for agency-initiated involuntary disability retirement applications based on an employee's mental condition. As noted by respondents, this amendment expressly providing for judicial review under § 7703 would have been redundant if § 8347(c) had already provided for judicial review under § 7703. The 1980 amendments are specific. Had Congress intended to provide for judicial review of *all* disability determinations and not just agency-initiated involuntary disability retirement determinations based in whole or in part upon mental condition, Congress could have so provided.

The limited availability of judicial review is supported by the legislative history. *See* S.Rep.No.96–1004 at 1, 5 [1980] U.S.Code Cong. & Ad.News at 5986 ("The purpose of H.R. 2510 as amended is to remove the ban to judicial review of certain disability retirement determinations made by the Office of Personnel Management in cases of agency-filed disability retirement applications based on an employee's mental condition."); *id.* at 2, 5 [1980] U.S.Code Cong. & Ad.News at 5987 ("H.R. 2510, as amended, will remove the current bar to review of such disability retirement determinations made by the Office of Personnel Management in cases of agency-filed disability retirement applications based on an employee's mental condition."). The limited availability of judicial review is consistent with the type of problem that Congress was trying to remedy: the abuse of agency-initiated involuntary disability retirement for reasons of mental competency to force unproductive or otherwise problem employees out of active service. *Id.*[7]

---

**7.** A 1979 letter from the Director of OPM suggests that judicial review was restricted because Congress and the Civil Service Commission originally felt that "judicial determinations would not contribute to the uniform and equitable administration of the retirement law." H.R. Rep.No. 96–1080, 96th Cong., 2d Sess. 10 (1980), U.S.Code Cong. & Admin.News 1980, p. 5986. *Cf. Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974) (38 U.S.C.

In sum we hold that the legislative history, purpose and design clearly indicate that 5 U.S.C.A. § 8347(c) precludes judicial review of disability retirement decisions, except for those decisions involving agency-initiated involuntary applications based on the employee's mental condition. The present case involves a voluntary application for disability retirement benefits. Accordingly, we dismiss the petition for review. The costs of this action are taxed against OPM.[8]

§ 211(a) (veterans benefits). *But see Erika, Inc. v. United States*, 634 F.2d 580, 587–88 (Ct.Cl.1980) (banc) (42 U.S.C. § 1395ff) (benefit determinations under Part B of Medicare program), *cert. granted*, 451 U.S. 982, 101 S.Ct. 2312, 68 L.Ed.2d 838 (1981).

8. In view of our holding that 5 U.S.C.A. § 8347(c) precludes judicial review of the present disability retirement decision, we need not reach petitioner's arguments about the applicable standard of review or the adequacy of the record. However, even if there is jurisdiction to review this decision, there is substantial evidence in the record as a whole to support the determination of noneligibility and there is no showing of an error going to the heart of the administrative determination.