Plaintiff is a captain in the New York National Guard and held the civilian position of Command Administrative Technician, GS-10. These positions are created and described in 32 U.S.C. §709 as amended at various times, most relevantly by Pub. L. No. 90-486, Act of August 13,1968, 82 Stat. 755. Section 709(e)(3) authorizes "the adjutant general *1032 of the jurisdiction concerned to remove a technician at any time for cause,” but in subsection (5) it is provided that a right of appeal which may exist with respect to subsection (3) shall "not extend beyond the adjutant general.” This person is an officer of the state and performs the duties prescribed by the laws of that state but by 32 U.S.C. §314 he has federal recognition for certain purposes.
Plaintiff was ordered removed from his civilian position for being absent without leave, for making false statements about his whereabouts during his absence, for violating rules concerning time and attendance procedures, and for conduct unbecoming a Technician and Management Official. Plaintiff took an appeal and a colonel of the National Guard of another state conducted a hearing after which he sustained the charges, except the first, but recommended remission of the penalty to a month’s suspension. The New York Adjutant General (or Chief of Staff for the Governor) rejected this leniency and affirmed the separation. Plaintiff, having exhausted his remedies, sued in the United States District Court, but upon a government motion the case was transferred here.
Defendant moved for summary judgment having filed its motion August 13, 1981, and plaintiff has cross-moved. Defendant’s motion shows it then had no doubt of our jurisdiction. A footnote explains that the case is not covered by the Civil Service Reform Act of 1978, 5 U.S.C. §7701 and ff because the procedures commenced before the date of the Reform Act. There were the usual briefs in support of and opposition to the motions, not discussing jurisdiction. In oral argument, May 6, 1982, defendant first urged that this court had no jurisdiction, citing as authority United States v. Erika, Inc., 456 U.S. 201 (1982). Defendant, of course, was long aware of the Supreme Court proceeding, which it had initiated, but apparently obtained its success on grounds unexpected by it. Defendant is of course aware of this court’s policy by which a panel such as ourselves does not overrule previous decisions of this court, but rather refers issues that might require overruling to the court en banc. Defendant says, however, that the only case we might have to overrule is Athas v. United States, 220 Ct. Cl. 96, 597 F.2d 722 (1979) and that case is possibly distinguishable due to *1033 the different nature of the errors relied on. Cf., however, Polos v. United States, 223 Ct. Cl. 547, 621 F.2d 385 (1980). DiLuigi v. Kafkalas, 584 F.2d 22 (3d Cir. 1978) was an appeal from a district court decision that assumed jurisdiction of a civilian technician’s appeal as a court of claims under 28 U.S.C. §1346. The technician lost but the court of appeals held it had jurisdiction, no suggestion to the contrary having been made by defendant (represented by the Department of Justice Civil Division) or by the court sua sponte. As to jurisdiction, see its fn. 2 at 23. We note also Morris v. McCaddin, 553 F.2d 866 (4th Cir. 1977)(judicial review of RIF of civilian technicians conducted by Adjutant General). The restraint on review established by subsection (5) logically must apply in RIF cases as well as adverse actions.
The court being at oral argument unprepared mentally to determine the application of Erika to the instant claim, we warned counsel that we might order supplemental briefs. The question is not free from difficulty. Since the cited statute, 32 U.S.C. §709(e)(5) only says that "appeals” shall not go beyond the Adjutant General, it is germane to note that this suit is not an appeal, and was not so regarded by defendant before Erika. On the other hand, it is clear the Merit System Protection Board (mspb) is barred from considering the case, and the parties all along so understood. It is anomalous to bar the mspb and still to allow judicial review, for the Adjutant General, on the one hand, would need the guiding hand of the mspb to avoid reversible error, if his decisions were to be subject to judicial review, and this court would sadly miss the screening by the mspb in conducting a judicial review. Defendant says that the Adjutant General being a state officer, the means afforded for those in plaintiffs position who seek judicial review is 42 U.S.C. §1983. There may be less anomaly in pursuit by plaintiff of that remedy. We have decided not to order supplemental briefing because we doubt the practicality of en banc procedure before this court ceases to exist on October 1, 1982, and because we think we can dispose of the case on other grounds.
In the now reversed Erika decision, we noted that when a review is conducted in face of legislative indications of a *1034 desire for executive finality, the appropriate standard of review is:
* * * "[W]here there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.’” 225 Ct. Cl. 252, 260, 634 F.2d 580, 587 (1980), [quoting Gaines v. United States, 158 Ct. Cl. 497, 502, cert. denied, 371 U.S. 936 (1962)].
If the Supreme Court’s Erika must be followed that is the end of this case. If Erika does not apply, the quoted standard governs. But we do not have a triable case to adjudicate under that standard either. Plaintiff does not allege except in conclusory terms, that there occurred a substantial departure from important procedural rights, a misconstruction of the governing legislation, or other error going to the heart of the administrative determination.
Plaintiff opposes summary judgment on the ground he wants to depose the Adjutant General (Chief of Staff to the Governor). But there is no propriety in cross-examining an adjudicating officer as to the grounds of his decision and it is not suggested he had any previous connection with the case. There is no possibility this proposed deposition would elicit any information of value. The case is therefore ripe for summary judgment. The procedure followed, if not impeccable, was at any rate substantially fair and did not prejudice plaintiff. Under Polos v. United States, supra, that is enough. In the circumstances, we decline to review the case for more than compliance with the limited standard stated. The Adjutant General (or Chief of Staff for the Governor) obviously thought that plaintiff had shown himself untrustworthy. Plaintiff took sick leave (reported himself sick) but spent the time off duty practicing as a helicopter pilot. He tried to show that he suffered from some mysterious ailment that disabled him as a civilian technician, but not as a helicopter pilot. Under any view of our jurisdiction, this is not the kind of dispute we are called on to adjudicate.
In Monett v. United States, 190 Ct. Cl. 1, 419 F.2d 434 (1969), cert. denied, 400 U.S. 846 (1970), we held as we do here, that we were not required to grapple with novel and *1035 difficult jurisdictional issues when we could readily perceive that the claimant had no case. It is only fair to add, however, that in view of our doubt as to our own jurisdiction, any conclusion we may seem to express on the merits should not prejudice plaintiff by way of res judicata or collateral estoppel, in any other proceeding he may institute elsewhere than in this court.
Accordingly, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.