**Leola E. CAMPBELL, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGE-MENT United States of America, Respondent.**

**No. 82–3147.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Oct. 26, 1982.

Decided Dec. 3, 1982.

David C. Harrison, Philadelphia, Pa., for petitioner.

Peter F. Vaira, U.S. Atty., Susan Dein Bricklin, Asst. U.S. Atty., E.D. Pa., Philadelphia, Pa., Murray Meeker, Office of Gen. Counsel, Office of Personnel, Washington, D.C., for respondent.

Before ADAMS, HUNTER and GARTH, Circuit Judges.

**OPINION OF THE COURT**

ADAMS, Circuit Judge.

This appeal involves a federal employee who was denied voluntary disability retirement by the Office of Personnel Manage-

ment (OPM), in a decision affirmed by the Merit Systems Protection Board (MSPB). The employee has come before this Court to ask that the decision by the OPM be overturned. Because we conclude that we are without jurisdiction to hear this appeal, we do not reach the merits of her challenge.

## I.

Leola Campbell, the petitioner here, was a Communications Equipment Operator at the Defense Personnel Support Center in Philadelphia, using both a computer and a teletype. Her job required typing skills and some carrying and lifting of stacks of paper, data cards, and computer tapes. Toward the end of 1978, Campbell began to notice some tingling and numbness in her right hand. On January 23, 1979, she hit her elbow on a computer; she reported this injury to her supervisor and went to the agency infirmary. Campbell worked the balance of the week, but the pain in her elbow increased significantly, and she periodically had trouble using her hand. She testified that after hitting her elbow she had difficulty dressing herself, that she began dropping things, and that she experienced pain in her arm after attempting to do housework. It appears from appellant's testimony that these are intermittent problems, not continuous ones. Her condition was eventually diagnosed as carpal tunnel syndrome, an ailment caused by pressure on the nerves in the wrist.

Campbell applied for federal disability retirement benefits because of her condition. The application was denied by the OPM on June 10, 1980, and a request for reconsideration was rejected on November 7, 1980. Campbell then appealed to the Merit Systems Protection Board. A hearing was held at which she presented evidence that she was suffering from carpal tunnel syndrome. The MSPB presiding official upheld the decision of the OPM that Campbell was not entitled to disability retirement benefits. This determination was affirmed by the MSPB on March 5, 1982. Campbell then filed this appeal.

## II.

The statute at issue, 5 U.S.C. § 8331 et seq., provides that a federal employee may voluntarily request disability retirement benefits from the Office of Personnel Management. Decisions by the OPM may then be appealed to the Merit Systems Protection Board. 5 U.S.C. § 8347(d)(1). The Act further declares that, other than MSPB review, "the decisions of the [OPM] concerning these matters are final and conclusive and are not subject to review." 5 U.S.C. § 8347(c). The OPM contends that this provision bars all judicial review, and the Eighth Circuit has recently adopted this position. *Morgan v. OPM*, 675 F.2d 196 (8th Cir.1982). The Court of Claims, however, has read this phrase as permitting review, although such review is limited to determining whether there has been a "substantial departure from important procedural rights, misconstruction of governing legislation or some like error going to the heart of the administrative determination." *Allen v. U.S.*, 571 F.2d 14 (Ct.Cl.1976) (citing other cases). *Scroggins v. U.S.*, 397 F.2d 295, 297–98 (Ct.Cl.), *cert. denied*, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968).

*Gaines v. U.S.*, 158 Ct.Cl. 497 (1962), is the leading Court of Claims case in this area. Although *Gaines* does not provide a detailed explanation of the stance taken by the Court of Claims, it appears to have read into the statute a "fundamental fairness" due process concept that agency decisions normally unreviewable cannot stand if based on a failure to comply with the agency's own procedures, a misreading of the governing statute or some other error of similar magnitude, which would call into question the validity of the decision-making process. To the extent that this standard would allow even minimal judicial review of the merits of a disability determination, it would appear to be unsupported by either the language of the statute or the legislative purpose behind the voluntary disability provisions.[1] Because this appeal presents a

---

1. The Ninth Circuit has recently adopted the

Court of Claims position on judicial review of

challenge only to the factual determination of disability, however, we need not reach the question whether the statute bars judicial review of procedural issues as well.

■ Although it is well-established that Congress cannot preclude judicial review of allegedly unconstitutional agency action, Congress does have the power to preclude judicial review of non-constitutional challenges to agency actions. *U.S. v. Erika, Inc.,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982). *Erika* dealt with a section of the Medicare statute, 42 U.S.C. § 1395ff, which provides for judicial review in most cases of Medicare claims but which omits judicial review of one class of cases. The Court of Claims, sitting en banc, had held that the courts could review decisions involving cases omitted from the statute's review provisions. *Erika, Inc. v. U.S.,* 634 F.2d 580 (Ct.Cl.1980) (en banc). In reaching this conclusion, the Court of Claims relied on its decisions allowing review of MSPB disability retirement determinations as support for review under the Medicare statute. The Supreme Court reversed, holding that Congress had intended that no judicial review be available for that class of cases. The Supreme Court focused on the language and structure of the statute and noted that the judicial review provision was carefully drawn to exclude those cases. It also looked at the legislative history of the provision and a subsequent amendment which made clear that Congress had not intended these claims to be reviewed by the courts. Since *Erika* interprets a statute other than the one at issue here, it is not controlling in this appeal. It does, however, stand for the proposition that Congress may foreclose judicial review of specified agency decisions, and that the language of the statute and the legislative history are the factors to be considered in determining whether review is in fact precluded in a given case.

■ Prior to 1980, the disability retirement statute provided:

§ 8347

(c) The Office [OPM] shall determine questions of disability and dependency arising under this subchapter [5 USC §§ 8331 et seq.]. The decisions of the Office concerning these matters are final and conclusive and are not subject to review. The Office may direct at any time such medical or other examinations as it considers necessary to determine the facts concerning disability or dependency of an individual receiving or applying for annuity under this subchapter [5 USC §§ 8331 et seq.]. The Office may suspend or deny annuity for failure to submit to examination.

(d) An administrative action or other order affecting the rights or interests of an individual or of the United States under this subchapter [5 USC §§ 8331 et seq.] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board.

In 1980, Congress amended this portion of the statute to remove the bar against judicial review in cases involving mental disabilities. The statute now reads:

§ 8347

(c) The Office shall determine questions of disability and dependency arising under this subchapter [5 USC §§ 8331 et seq.]. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review. The Office may direct at any time such medical or other examinations as it considers necessary to determine the facts concerning disability or dependency of an individual receiving or applying for annuity under this subchapter [5 USC §§ 8331 et seq.]. The Office may suspend or deny annuity for failure to submit to examination.

(d)(1) Subject to paragraph (2) of this subsection, an administrative order or or-

---

voluntary disability retirements. *Parodi v. Merit Systems Protection Board,* 690 F.2d 731 (9th Cir.1982). The issue presented in Parodi was whether the OPM could interpret the term "disability" more narrowly than the definition provided by the statute. This is a different question than is presented in the case before us, and we therefore need not decide whether the statute authorizes judicial review of that aspect of a determination of "disability."

der affecting the rights or interests of an individual or of the United States under this subchapter [5 USC §§ 8331 et seq.] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board.

(2) In the case of any individual found by the Office to be disabled in whole or in part on the basis of the individual's mental condition, and that finding was made pursuant to an application by an agency for purposes of disability retirement under section 8337(a) of this title [5 USC § 8337(a)], the procedures under section 7701 of this title [5 USC § 7701] shall apply and the decision of the Board shall be subject to judicial review under section 7703 of this title [5 USC § 7703].

The language of the statute, both before and after the amendment dealing with mental disability, makes clear that Congress intended to provide only *administrative* review in physical disability determinations such as the one before us today.[2]

Even if it were decided that the language of the statute as amended is ambiguous, the legislative history of the provision would be sufficient to persuade us that Congress intended no judicial review for voluntary disability determinations. In 1978, the Congressional subcommittee responsible for Federal employee compensation and benefits was told that "this section [8347] means that there is no appeal to the courts in a disability retirement situation...."[3] In 1979, the subcommittee heard testimony that "current law states that administrative decisions in [disability] cases are not subject

to review by the courts."[4] Representative Spellman, who chaired the subcommittee, introduced the amendment to section 8347. That amendment was proposed specifically "to remove the ban to judicial review of certain disability retirement determinations...." S.Rep. No. 96–1004, 96th Cong., 2d Sess. 1, *reprinted in* 1980 U.S.Code, Cong. & Ad.News 5986, 5987. The Senate Report states:

Under current provisions of law, 5 U.S.C. § 8347(c), the decisions of the Office of Personnel Management concerning questions of disability and dependency "are final and conclusive and are not subject to review. * * *" H.R. 2510, as amended, *will remove the current bar to review of such disability retirement determinations* in applications based on an employee's mental condition. * * * [T]he effect of the legislation, as amended, will be to provide for judicial review by the United States courts of appeal or the Court of Claims under the procedures established under section 7703 of title 5, United States Code.

*Id.* at 2, *reprinted in* U.S.Code Cong. & Ad.News at 5987 (emphasis added). As these excerpts from the legislative history make clear, neither the original provision nor the 1980 amendment was intended to permit judicial review of an OPM determination of voluntary disability retirement in a case entailing physical, as distinguished from mental, disability.[5]

### III.

The Supreme Court has held that "judicial review of a final agency action by an

---

**2.** Subsection (d) appears designed to provide the MSPB with the power to review determinations of individual disability claims as well as regulations or guidelines promulgated by the OPM.

**3.** Use of Physical and Psychiatric Examinations to Determine Fitness for Duty: Hearings Before the Subcomm. on Compensation and Employee Benefits of the House Comm. on Post Office and Civil Service, 95th Cong., 2d Sess. 4 (1978) (statement of Thomas R. Kennedy, Staff Director, House Subcomm. on Investigations, Committee on Post Office and Civil Service).

**4.** RFEHB Plan, Survivor Benefits, and Fitness-for-Duty Exams: Hearings on H.R. 2510, H.R. 5410, S. 716 Before the Subcomm. on Compen-

sation and Employee Benefits of the House Comm. on Post Office and Civil Service, 96th Cong., 1st Sess. 1 (1979) (statement of Rep. Spellman).

**5.** The petitioner's argument that this Court has jurisdiction to hear her appeal is not advanced by the language of 28 U.S.C. § 2342(6). First, this provision of the statute has now been repealed. Federal Courts Improvement Act of 1982, Pub.L. No. 97–164 § 137 (April 2, 1982). Second, even when this section was in effect, it was meant to limit rather than expand the scope of judicial review. Section 2342(6) assigned exclusive jurisdiction for certain types of cases to the courts of appeals, as opposed to other courts. *See Southeastern Pennsylvania*

aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967) (citations omitted). As our examination of the statutory language and the legislative history has demonstrated, the purpose of Congress was clearly to interdict judicial review of physical disability determinations. Therefore, this appeal will be dismissed for want of jurisdiction.[6]

*Transportation Authority v. I.C.C.,* 644 F.2d 238, 240 n. 3 (3d Cir.1981). Thus, § 2342(6) is properly understood as vesting the courts of appeals, as distinguished from other courts, with exclusive jurisdiction to hear those orders of the Merit Systems Protection Board for which judicial review is available, rather than overriding the plain language of the Civil Service Reform Act by authorizing judicial review of matters not contemplated by the Act. To construe this language otherwise would create a danger of turning a procedural limitation into a substantive grant of jurisdiction.

**6.** It has been suggested that this appeal be transferred to the new Court of Appeals for the Federal Circuit. Since the situation presented in this appeal is not covered by the provision dealing with certain types of pending cases, we look to the general transfer provision, § 301 of the Federal Courts Improvement Act of 1982. (To be codified at 28 U.S.C. § 1631.) A transfer is inappropriate for two reasons. First, 28 U.S.C. § 1631 permits transfer only to a court "in which the action or appeal could have been brought at the time it was filed or noticed." The present appeal was filed on April 7, 1982, almost six months before the Court of Appeals for the Federal Circuit came into existence. Thus, the language of the statute would appear to preclude transfer to the Federal Circuit. Second, the statute provides for transfer only "if it is in the interest of justice." Because we have concluded that *no* court has the power to review the basic determination of disability, there would appear to be no basis to transfer this case. Even if we were to conclude that the determination was reviewable, the petitioner could not prevail. This is so because review of the record has uncovered no abuse of discretion or other error "going to the heart of the administrative determination." *Gaines v. United States,* 158 Ct.Cl. 497, 502, *cert. denied* 371 U.S. 936, 83 S.Ct. 309, 9 L.Ed.2d 271 (1962). Therefore, the "interests of justice" would not be served by transferring this appeal to the Federal Circuit.