**Glen F. McCARD, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD and Office of Personnel Management, Respondents.**

No. 82–8090.

United States Court of Appeals, Eleventh Circuit.

April 15, 1983.

Erion, Exum, Mathis & Wootan, Macon, Ga., Charles T. Erion, for petitioner.

Office of Personnel Management, Susan Warshaw, Washington, D.C., for respondents.

Before TJOFLAT, and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

HATCHETT, Circuit Judge:

The power of this court to review final disability decisions of the Merit Systems Protection Board (MSPB) is questioned in this case. We decide that the court has limited judicial review of disability determinations made by the MSPB, but nevertheless dismiss this action.

## FACTS

On August 6, 1959, Glen McCard, petitioner, began his employment with the federal government and was assigned by the Department of the Army to Robbins Air Force Base in Georgia. In June, 1979, McCard submitted an application for disability retirement to the civil service retirement system requesting that he be granted disability retirement from his job as a warehouseman. McCard had a severe nasal allergy to certain substances, including newsprint, tobacco, smoke, glue, and other substances. McCard's severe allergies were complicated by high blood pressure, which was alternatively described as being between "the real high level" and the "dangerously high level."

The Office of Personnel Management (OPM) reviewed McCard's submission and notified him that his application for disability retirement was disapproved. The notification stated that the "[m]edical disorder involved is not disqualifying for full performance of duties of the employee's posi-

tion under qualifications standards." McCard requested reconsideration of this decision. While McCard's request for reconsideration was pending, the air force placed him on mandatory sick leave. In the opinion of his supervisor, McCard's condition rendered him physically disqualified to perform his duties as a warehouseman. A few weeks later, the air force officially terminated McCard because of his allergic reactions.

Four months later, the OPM issued its reconsideration decision sustaining its previous disallowance. McCard appealed to the MSPB. Following a hearing, the MSPB entered a final decision denying McCard's petition for review. This exhausted McCard's administrative remedies.

His administrative remedies exhausted, McCard now petitions this court for appellate review of the administrative agency's decision. McCard asserts that the failure of the MSPB to properly apply applicable statutes and regulations constitutes an error going to the heart of the MSPB's determination, thereby affording us jurisdiction and requiring the setting aside of the MSPB's action. As the basis of this error, McCard urges that the MSPB improperly gave too much weight to one doctor's opinion.

The respondents, Merit Systems Protection Board and Office of Personnel Management, contend that neither 5 U.S.C.A. § 7703 nor any other statute permits appellate review of this case by this court. The agencies also contend that the disability statute itself, 5 U.S.C.A. § 8347(c), contains an express bar of judicial review which is inconsistent with the provisions of 5 U.S.C.A. § 7703, which purports to authorize review. Alternatively, the agencies contend that even if jurisdiction exists in this court to review McCard's claim for disability retirement, the scope of that review is limited to determining whether there has been a departure from procedural rights, misconstruction of legislation, or similar critical administrative error.

McCard agrees that the court's jurisdiction may be limited to procedural rights and legislative interpretation errors, but alleges that the court may set aside the MSPB's actions in this case because giving weight to the evidence presented by one doctor while ignoring competent evidence from other sources constitutes a substantial departure from important procedural rights.

The question facing this court is whether we have jurisdiction to review the MSPB's decision, and if so, the scope of review.

## DISCUSSION

Title 5 U.S.C.A. § 8347(c) provides that the decisions of the Civil Service Commission are "final and conclusive and not subject to review," except for those decisions involving individuals who have been found to be mentally disabled pursuant to an application to the agency under 5 U.S.C.A. § 8347(d)(2).

Section 8347(c) appears to be inconsistent with the provisions for review of MSPB decisions enunciated in 5 U.S.C.A. § 7703. Section 7703 provides, in pertinent part:

(a)(1) Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.

(b)(1) . . . a petition to review a final order or final disposition of the Board shall be filed in the Court of Claims or a United States court of appeals as provided in chapters 91 and 158, respectively, of title 28.

(c) In any case filed in the United States Court of Claims or a United States court of appeals, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

Sections 7703 and 8347(c) appear to be inconsistent because section 8347(c) seems to preclude judicial review of a MSPB decision while section 7703 expressly states that such review is authorized. While it is clear that a literal reading of section 7703(c) contemplates an examination and review of the agency's fact-finding by the appellate court, it is equally clear that section 8347(c) either prohibits review or narrows the scope of review.

McCard contends that under the due process clause of the fifth amendment he has an absolute right to judicial review of the administrative action denying him disability benefits. He contends that the legislative branch of the government may not constitutionally deprive him of this right. Therefore, contends McCard, 5 U.S.C.A. § 8347(c), the "finality clause" at issue here, must be construed as having an implied exemption which allows for at least minimal judicial review, or, alternatively, the entire "finality clause" must be declared unconstitutional. While there is no absolute right to judicial review of administrative agency decisions in all instances, the United States Supreme Court recognizes a presumption in favor of judicial review. It states that "[o]nly upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." *Dunlop v. Bachowski,* 421 U.S. 560, 567, 95 S.Ct. 1851, 1857, 44 L.Ed.2d 377 (1975), *quoting Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). There is nothing in section 8347(c) which shows "clear and convincing evidence" of a legislative intent that all judicial review of administrative disability determinations be barred.

We now join the Court of Claims, the Eighth Circuit, and the Ninth Circuit in interpreting the "finality clause" as it relates to judicial review of the MSPB's decisions concerning disability retirement benefits. We do so without reaching constitutional considerations.

The Court of Claims held that section 8347(c) places a "special and unusual restriction on judicial examination." *Scroggins v. United States,* 397 F.2d 295, 297, 184 Ct.Cl. 530 (Ct.Cl.), *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968). According to the Court of Claims, judicial review is allowed under 8347(c), but such review is narrow. That court announced what has come to be known as the *Scroggins* rule by holding that judicial review is authorized "where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Scroggins,* 397 F.2d at 297, *quoting Gaines v. United States,* 158 Ct.Cl. 497, 502, *cert. denied,* 371 U.S. 936, 83 S.Ct. 309, 9 L.Ed.2d 271 (1962). This allowance of section 8347(c) judicial review is not limited to the Court of Claims.

At the circuit level, the case law interpreting section 8347(c) is limited and split. The Eighth Circuit, in a disability retirement case similar to this case, held that section 8347(c) precludes federal courts from exercising jurisdiction over disability claims. *Morgan v. Office of Personnel Management,* 675 F.2d 196, 201 (8th Cir. 1982). As evidence of this, the *Morgan* court stated that the 1980 amendment to the disability statute, Pub.L. No. 96–500, 94 Stat. 2696 (Dec. 1980), evidences a congressional intent that there be a judicial bar on any voluntary administrative disability decisions.[1] The *Morgan* court states "[the 1980] amendment expressly providing for judicial review under § 7703 would have been redundant if § 8347(c) had already provided for judicial review under § 7703." *Morgan,* 675 F.2d at 200.

Additionally, the *Morgan* court voids the express allowance of judicial review pursuant to section 7703 by noting that section 7703 applies to individuals who are "adversely affected or aggrieved" by a final

---

1. The purpose of the 1980 amendment to the statute was to expressly provide for judicial review, pursuant to § 7703, for disability deter-minations involving mental health and mental competency.

order or decision of the MSPB. The Eighth Circuit reasons that a denial of disability retirement benefits pursuant to section 8337(a) does not render the applicant subject to an adverse employment decision, such as would be the case in a suspension, removal, or reduction in grade.[2] 675 F.2d at 198. Thus, the *Morgan* court concludes that judicial review is prohibited for anyone with a disability retirement claim not involving the issue of mental competence.

Although the *Morgan* court is correct in attempting to discover the express purpose behind the enactment of section 8347(c), we disagree with its conclusion. The *Morgan* decision ignores the *Scroggins* rule already embraced by the Court of Claims. As the *Scroggins* court noted, in explaining the purpose of section 8347, "[t]his is a special and unusual restriction on judicial examination, and under it courts are not as free to review Commission retirement decisions as they would be if the 'finality' clause were not there." *Scroggins*, 397 F.2d at 297.

The better approach is that taken by the Ninth Circuit in *Parodi v. Merit Systems Protection Board*, 690 F.2d 731 (1982). In that case, Parodi, a federal employee, was transferred to an office in which other employees smoked. She suffered severe pulmonary reactions to the smoke and was unable to carry out her duties. She, like McCard, applied for disability employment benefits, claiming that her severe reactions to cigarette smoke rendered her disabled. The OPM ruled that Parodi was not disabled within the meaning of the governing statute. The MSPB affirmed the denial of benefits and Parodi appealed to the circuit court pursuant to sections 7703(a)(1) and (b)(1).

The *Parodi* court, noting that the *Scroggins* rule does not bar all judicial review,

applied the *Scroggins* rule to the facts of its case, holding that "judicial review of voluntary disability determinations is available where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative decision." *Parodi*, 690 F.2d at 737.

The *Parodi* court disposes of the Eighth Circuit's *Morgan* analysis by noting that the *Morgan* court is incorrect when it states that the 1980 amendment (which makes involuntary retirement determinations based on an employee's mental condition subject to section 7703 judicial review) would be redundant if section 8347 had already provided for judicial review under section 7703. The *Parodi* court points out that this *Morgan* analysis is incorrect because section 8347(c) as construed by the *Scroggins* rule, does not provide for review under section 7703; rather, *Scroggins* teaches that section 8347(c) limits the review which is provided by section 7703(c). The narrow area left open to review is where there has been a substantial departure from procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination. *Parodi*, 690 F.2d at 735. We agree that the 1980 amendment does not duplicate the authority for judicial review provided under the *Scroggins* rule; rather, the 1980 amendment expands the judicial review that has been provided by section 8347(c) and *Scroggins* to involuntary disability retirement determinations based on mental condition. *Parodi*, 690 F.2d at 735.

Moreover, as the *Parodi* court points out, the House Reports, which the *Morgan* court uses as a basis to prove legislative intent, do not show that Congress intended a bar to all judicial review. For example, H.R.Rep.

---

**2.** Title 5 U.S.C.A. § 8337(a) provides, in pertinent part, that:

An employee who completes 5 years of civilian service and is found by the Office of Personnel Management to have become disabled shall be retired on his own application or an application by the agency.

At 5 U.S.C.A. § 8331(6), Congress defines the term "disabled" and "disability" as meaning

"totally disabled or total disability ... for useful and efficient service in the grade or class of position last occupied by the employee ... because of disease or injury not due to vicious habits, intemperance, or willful misconduct on his part within 5 years before becoming so disabled."

No. 1080, 96th Cong., 2d Sess. 4 (1980), mentions three cases which held that limited review under the *Scroggins* rule is appropriate while determining that courts were precluded from review of the factual findings underlying an agency's disability determinations. *Parodi,* 690 F.2d at 736. *See Scroggins v. United States,* 397 F.2d 295 (Ct.Cl.), *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968); *McGlasson v. United States,* 397 F.2d 303, 184 Ct.Cl. 542 (Ct.Cl.1968); and *McFarland v. United States,* 517 F.2d 938 (Ct.Cl.1975).

Upon a reading of *Scroggins* and *Parodi,* it is clear that judicial review, subject only to the *Scroggins* three-prong limitation, is proper under section 8347(c). The Third Circuit also follows the reasoning of *Morgan* holding that no judicial review is allowed from the final order of the MSPB. *Campbell v. Office of Personnel Management,* 694 F.2d 305 (3d Cir.1982). Only the *Morgan* and *Campbell* courts have seen fit to reject the long-enunciated *Scroggins* rule.[3] The Third Circuit, however, in its short opinion, bases its decision almost entirely on *Morgan,* ignoring both the *Parodi* case and the *Scroggins* rule except to note in a footnote that *Parodi* addresses an issue different from the one in the instant case. *Campbell,* 694 at 306–07. Thus, the *Campbell* court takes no legal cognizance of the Ninth Circuit's analysis of the jurisdictional issue. In refusing to take note of the Ninth Circuit, and, in mistakenly viewing the issue in *Parodi* as being different from the issue in *Morgan,* the *Campbell* court examines the issue in an unconvincing manner, interpreting the statutes without using all available authority.

■ We choose to follow the reasoning enunciated by the Ninth Circuit in the *Parodi* case, and join those circuits and the Court of Claims holding that limited jurisdiction to review MSPB disability decisions

exists. *See Parodi v. Merit Systems Protection and Office of Personnel Management,* 690 F.2d 731, 734 (9th Cir.1982); *Polos v. United States,* 621 F.2d 385, 391 n. 9 (Ct.Cl. 1980); *Fancher v. United States,* 588 F.2d 803, 806, 218 Ct.Cl. 504 (Ct.Cl.1978). We hold that judicial review is available in disability retirement cases, but the review is limited to instances where there has been a departure from important procedural rights, a misconstruction of governing legislation, or some other like error going to the heart of the administrative determination. Section 7703 jurisdiction, which allows appellate judicial review of facts, has been limited by section 8347, so that we are precluded from examining the evidentiary basis of an agency's determination. Having determined that judicial review is statutorily permitted, we now approach the merits of the case.

## MERITS

■ A government employee attempting to prove disability must show that he is unable, due to disease or injury, to perform useful and efficient service in the specific position occupied at the time proceedings are instituted. *Parodi,* 690 F.2d at 737. McCard's argument is that the administrative agencies have misconstrued and given improper weight to the evidence presented. McCard asserts that this misapplication of his medical evidence constitutes an error going to the heart of the administrative determination, within this court's power to review. We do not agree. Such an assertion is but a subtle attempt to seek a review of factual findings. As enunciated above, this court is not at liberty to examine the evidentiary basis of the OPM's decision. We may only review McCard's case subject to the *Scroggins* rule limitations.

**3.** Respondent, Merit Systems Protection Board, urges that another Eleventh Circuit panel has followed the *Morgan* lead by dismissing a similar case for lack of jurisdiction. *Bruno v. United States,* No. 82–5516 (Nov. 10, 1982). Although *Bruno* was dismissed for lack of jurisdiction, no basis for such decision is enunciated in the one sentence order. Thus, no clearly reasoned Eleventh Circuit authority on this question exists. From the one sentence order it is impossible to tell whether dismissal resulted because the petitioner sought a review of factual determinations or because of some other reason relating to jurisdiction.

## CONCLUSION

Accordingly, while we recognize McCard's right to limited appellate judicial review of his disability retirement administrative decision, there is no issue in this case which this court has authority to review.

DISMISSED.