**Floyd E. WASHINGTON, Appellant,**

v.

**Dr. Louis JACOBS, Superintendent, St. Elizabeths Hospital.**

**No. 24481.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 20, 1971.

Decided Feb. 3, 1972.

---

Mr. Paul J. Tagliabue, Washington, D. C., with whom Mr. Donald P. Zeifang, Washington, D. C., was on the brief, for appellant.

Mr. C. Madison Brewer, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, John A. Terry and Gil Zimmerman, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, McGOWAN and ROBB, Circuit Judges.

PER CURIAM:

Appellant Floyd E. Washington seeks review of an order of the United States District Court for the District of Columbia which reinstated him to his position as a nursing assistant at Saint Elizabeths Hospital for the period from March 3, 1965 to September 5, 1965. He contends that he should have been reinstated with back pay for the period from March 3, 1965 to the present.

Appellant was first employed as a nursing assistant at Saint Elizabeths Hospital on July 10, 1961. On March 3, 1965, as a result of his behavior while on the job, he was placed on involuntary sick leave by the hospital. On March 10, 1965 appellant was placed on enforced sick leave, on April 20, 1965 he was placed on enforced annual leave, and on June 4, 1965 he was placed on leave without pay.

During this same period the hospital took steps to have appellant retired by reason of total disability pursuant to the Civil Service Retirement Act, 5 U.S.C. § 8337 (1970). The application for retirement under the Act, filed by the hospital with the Department of Health, Education and Welfare on March 3, 1965, was approved by the Civil Service Commission on September 28, 1965. The Commission's finding of disability was affirmed on appeal by the Bureau of Retirement and the Board of Appeals Review. On January 28, 1966 appellant was separated from service and retired for disability with an annuity payable from September 5, 1965.

On January 17, 1966 appellant filed a petition for equitable relief in the district court, challenging the hospital's action in placing him on enforced leave without pay. He asked that the court reinstate him as a nursing assistant at Saint Elizabeths Hospital, with back pay. Summary judgment was granted to the hospital, and appellant sought further review in this court. On March 4, 1969 the case was remanded to the district court to determine whether emergency conditions justified the hospital in placing him on enforced leave without a hearing. Washington v. Cameron, 133 U.S.App.D.C. 391, 411 F.2d 705 (1969).

On remand the hospital withdrew its motion for summary judgment and filed a motion for entry of judgment ordering appellant's reinstatement for the period from March 3 to September 5, 1965. Appellant objected, claiming that under this court's order of March 4, 1969 he was entitled to reinstatement and back pay for the period from March 3, 1965 to the present. After a hearing the district court granted the hospital's motion and ordered that appellant be reinstated to the position of nursing assistant at Saint Elizabeths Hospital, with back pay, for the period from March 3, 1965 to and including September 5, 1965, the effective date of his disability retirement. Washington v. Jacobs, Civ.Doc. No. 109–66 (D.D.C. May 14, 1970). Appellant now asks this court to reverse the judgment of the district court and

order him reinstated for the period from March 3, 1965 to the present, with back pay. We affirm the district court's order.

The issue before us can be simply stated: when an employee has been separated from government service by two agencies on distinct grounds pursuant to two independent administrative procedures, does the invalidity of the first administrative decision render the latter separate proceeding a nullity?[1] We believe the answer is clearly "no".

Appellant's reliance on Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970), Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), and Washington v. United States, 147 F.Supp. 284, 137 Ct.Cl. 344, cert. dismissed, 355 U.S. 801, 78 S.Ct. 6, 2 L.Ed.2d 19 (1957), to support this proposition is misplaced. In those cases the courts held that the deficiencies or defects in proceedings were not cured by subsequent actions which complied with procedural requirements. In each case, however, the subsequent proceeding was a later stage in the same adjudicatory process.

A substantially different situation is presented here where the subsequent proceeding for disability retirement was not simply a later stage of the original involuntary removal action, but was instead an altogether different administrative proceeding. Here we are dealing with two distinct proceedings arising under entirely separate statutory provisions. Separation from government service by disability retirement pursuant to 5 U.S.C. § 8337 (1970) has nothing to do with removal for cause under either the Lloyd-LaFollette Act, 5 U.S.C. §

7501 (1970), or the Veterans' Preference Act, 5 U.S.C. § 7512 (1970). Lech v. United States, 409 F.2d 252, 187 Ct. Cl. 471 (1969). These being separate and distinct proceedings, the invalidity of one cannot be presumed to effect the invalidity of the other. 409 F.2d at 255. And as judicial review of the disability retirement proceedings is precluded by statute, 5 U.S.C. § 8347(c) (1970), those later proceedings are clothed with a nearly conclusive presumption of regularity. *See* Scroggins v. United States, 397 F.2d 295, 297, 184 Ct.Cl. 530, cert. denied, 393 U.S. 952, 89 S.Ct. 376, 21 L. Ed.2d 363 (1968). We accordingly refrain from inquiring into the facts underlying the retirement decision and affirm the judgment of the district court.[2]

Affirmed.

---

1. Appellant has presented nothing from which it can reasonably be inferred that the retirement disability proceeding may have been affected by the earlier decision to place him on enforced leave without pay.

2. Appellant has urged upon us that there is language in this court's earlier remand opinion which indicates the supposition of the court at that time that a finding

of invalidity in the initial discharge would necessitate reinstatement with back pay for a period extending beyond the disability retirement date. We have examined that language with care and, considering the precise context in which it occurred, we are persuaded that the panel did not intend to assert such a position or to anticipate the issue now before us for decision.