**LOCAL UNION NO. 52, PLUMBERS AND STEAMFITTERS UNION, Plaintiff-Appellee,**

v.

**DANIEL OF ALABAMA et al., Defendants-Appellants.**

No. 72-2548.

United States Court of Appeals, Fifth Circuit.

June 5, 1973.

John L. Cole, Birmingham, Ala., Homer L. Deakins, Jr., Robert N. Willis, Atlanta, Ga., for defendants-appellants.

James Harold Evans, Montgomery, Ala., for plaintiff-appellee.

Before WISDOM, DYER and INGRAHAM, Circuit Judges.

PER CURIAM:

Defendants, Daniel of Alabama (the general contractor) and Brown Mechanical Contractors, Inc. (the subcontractor), appeal from an order of the district court that required arbitration, but limited the arbitrable issues under the applicable collective bargaining agreements to whether Brown had acted arbitrarily or in bad faith, in the discharge of eleven union members. With the order thus limited, we affirm.

The narrow question before us is whether an employer can be compelled to arbitrate any aspect of a discharge which is based on a clause in a collective bargaining agreement that provides: "The Employer shall be the sole judge of the employee's capabilities to perform work in a workmanlike manner." The

bargaining agreements also contained a no-strike clause and a clause compelling arbitration of all disputes (unless this last clause was in conflict with some other portion of the agreement).

██ Defendants recognize the national policy favoring the utilization of arbitration procedures to settle labor disputes (United Steelworkers v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; United Steelworkers v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers v. American Manufacturing Co., 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403), but correctly note that it cannot be ordered when a party has not agreed to submit a particular issue to arbitration (John Wiley & Sons v. Livingston, 1964, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898). They contend that the clause making them the sole judge of an employee's ability to perform satisfactory work completely insulates from review by an arbitrator any decision of theirs to discharge an employee when this clause is relied upon. We conclude that there is no such absolute insulation on the facts before us.

The presence of a no-strike clause in a bargaining agreement requires at least a minimal *quid pro quo* from management. As the Supreme Court said in United Steelworkers v. Warrier & Gulf Navigation Co., supra, 363 U.S. at 583, 80 S.Ct. at 1353:

> When . . . an absolute no-strike clause is included in the agreement, then in a very real sense everything that management does is subject to the agreement, for either management is prohibited or limited in the action it takes, or if not, it is protected from interference by strikes.

Without some accountability under the bargaining agreements, Brown could discharge any employee and could avoid arbitration by merely phrasing the discharge in terms of the employee's failure to perform properly. To avoid this interpretation of the otherwise clear language of the "sole discretion" clause before us, but, at the same time to protect a party's right to withhold certain issues from the scope of arbitration, the accountability required on these facts must be limited to determining whether the employer acted in good faith, and not arbitrarily, in making the discharges. *Cf.* Palestine Telephone Co. v. Local 1506, Electrical Workers, 5 Cir. 1967, 379 F.2d 234; Fruit Packers, Local 760 v. Torvig Sealander Fruit Co., E.D.Wash.1958, 160 F.Supp. 623.

This limited approach to the arbitrable issues was precisely the approach taken by the district court. Moreover, instead of immediately ordering arbitration to determine whether Brown had acted arbitrarily or in bad faith, the court below ordered arbitration on these two issues only after the plaintiffs had introduced affidavits that placed the motivation for the discharges in question. Without such a showing an arbitration order would have been improper; with the affidavits before the district court, however, arbitration of the two issues was fully warranted.

Affirmed.