**OIL, CHEMICAL AND ATOMIC WORKERS INTERNATIONAL UNION, LOCAL 2–124, Appellant,**

v.

**AMERICAN OIL COMPANY, Appellee.**

No. 75–1232.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 11, 1975.

Decided Jan. 15, 1976.

Harry E. Leimback, Casper, Wyo., for appellant.

Herbert C. Snyder, Jr., Indianapolis, Ind. (George M. Porter, Casper, Wyo., Barnes, Hickam, Pantzer & Boyd, Indi-anapolis, Ind., Wehrli & Williams, Casper, Wyo., and James A. Sullivan, III, Chicago, Ill., with him on the brief), for appellee.

Before BREITENSTEIN, HILL and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant, Oil, Chemical and Atomic Workers International Union, Local 2–124, sued on behalf of one of its members under § 301 of the National Labor Relations Act, 29 U.S.C. § 185, to compel arbitration or, alternatively, to compel reinstatement and recover back wages. The district court dismissed the complaint. *Oil, Chemical and Atomic Workers International Union, Local 2–124 v. American Oil Company,* D.Wyo., 387 F.Supp. 796.

Street, a member of the Union, began working for the defendant-appellee American Oil Company in 1949. In 1966 while employed as a truck driver he received a job-related injury. Thereafter, he was repeatedly absent from work because of physical disabilities apparently related to the injury. In January, 1970, at the Company's request he was examined by an orthopedist who found that he should not drive a truck and recommended partial disability retirement. The Company placed him on disability retirement. His several requests for return to work were denied.

Pursuant to the bargaining agreement grievance procedure Union presented a grievance which was denied at the first two steps. The third step was arbitration. Company refused to arbitrate on the ground that the issue was not arbitrable under its contract with Union. The instant suit was then brought.

The question is whether the grievance was arbitrable. Union relies on the contract provisions that "an employee may be discharged only for cause", § 10.2 n., and that "disputes concerning disciplinary action resulting in loss of pay shall be eligible for referral to arbitration", § 3.2.

Company relies on Art. XI which provides that the contract shall not affect

"the status of employees under employee benefit plans, such as retirement plan, * * *", and that "neither party shall have the right to have any such issue arbitrated."

Section VI. C. of Company's retirement plan provides:

"The Company shall have the right, but not the obligation, and with or without application of the participant, to retire any participant who is, on the basis of medical evidence satisfactory to the Company, physically or mentally disabled for work with the Company."

The issue of arbitrability is for judicial determination because no party has to arbitrate a dispute unless it has consented thereto. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462. See also *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409, and *Johnson Builders, Inc. v. United Brotherhood of Carpenters and Joiners*, 10th Cir., 422 F.2d 137, 139.

With reliance on *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898, the Union argues that an employer may be required to arbitrate a question éven though he has not agreed to that arbitration. That case was concerned with the obligation of a successor employer to arbitrate under a union contract made by its predecessor. The effect of *Wiley & Sons* has been weakened and limited by *National Labor Relations Board v. Burns International Security Services, Inc.*, 406 U.S. 272, 285–286, 92 S.Ct. 1571, 32 L.Ed.2d 61, and by *Howard Johnson Co., Inc. v. Detroit Local Joint Executive Board*, 417 U.S. 249, 253–255, 262, 94 S.Ct. 2236, 41 L.Ed.2d 46. In the instant case the Company made the contract with the Union and the issue is whether it agreed to arbitrate the grievance. It is not within our purview to weigh the merits of the grievance, *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 568, 80 S.Ct. 1343, 4 L.Ed.2d 1403.

We recognize the national policy that doubts are to be resolved in favor of arbitrability. That policy does not apply where, as in the instant case, there is an express provision excluding a particular grievance from arbitration. *Warrior & Gulf,* 363 U.S. at 584–585, 80 S.Ct. 1347. We may not ignore the plain wording of the contract which excludes from arbitration any issue pertaining to the status of an employee under the Company retirement plan. *District 50, UMW v. Chris-Craft Corp.*, 6th Cir., 385 F.2d 946, 949–950.

The cases upon which Union relies are not in point. In *Communications Workers of America v. Southwestern Bell Tel. Co.*, 5th Cir., 415 F.2d 35, 39, arbitration was ordered in a case where there was no specific exclusion such as that presented here. In *Local Union No. 52 v. Daniel of Alabama*, 5th Cir., 479 F.2d 342, the issue was the good faith of the employer. The court there pointed out that arbitration would be improper if there were any other means of holding the employer accountable and if no question of good faith had been raised. Although Union points out in the case at bar that Company could discharge an employee by retiring him, no question is raised as to Company's good faith. Also, we have here a substantial degree of accountability in that Company is obligated to the employee for the retirement benefits to which he was entitled.

For the Union to prevail we must equate compulsory retirement with discharge. We decline to do so. See *Washington v. Jacobs*, 147 U.S.App.D.C. 366, 458 F.2d 785, 787, cert. denied, 409 U.S. 895, 93 S.Ct. 161, 34 L.Ed.2d 153. Although the end result of discharge and compulsory retirement may be the same, we may not ignore the distinctions made in the contract. *United States Steel Corp. v. Nichols*, 6th Cir., 229 F.2d 396, 402, cert. denied, 351 U.S. 950, 76 S.Ct. 846, 100 L.Ed. 1474. The grievance was not subject to arbitration.

Affirmed.