**Gurney CHASE, Petitioner,**

v.

**DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT, WASHINGTON, D.C.; United States Merit Systems Protection Board, Respondents.**

No. 82–1339.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 11, 1982.

Decided Dec. 22, 1982.

David P. Voerman, New Bern, N.C. (Perdue, Voerman & Alford, New Bern, N.C., on brief), for petitioner.

Joseph T. Knott, Asst. U.S. Atty., Raleigh, N.C. (Samuel T. Currin, U.S. Atty., Raleigh, N.C., on brief), for respondents.

Before RUSSELL and HALL, Circuit Judges, and GORDON,* District Judge.

PER CURIAM:

Gurney Chase petitions for judicial review of a final order of the Merit Systems Protection Board (MSPB) denying his voluntary application for civil service disability retirement benefits. This denial affirmed a decision of the Office of Personnel Management (OPM) which found that Chase had failed to establish that he was totally disabled for useful and efficient service in his position as an aircraft mechanic. We find the statute does not provide for judicial review of voluntary physical disability retirement claims, and dismiss Chase's petition.

Chase was employed as a civilian aircraft mechanic at the Naval Air Rework Facility at Cherry Point, North Carolina, for approximately 14 years. On April 25, 1980, at the age of 39, Chase applied for civil service disability retirement benefits under 5 U.S.C. § 8337(a) because of "constant lower abdominal and back pain." He terminated his employment on June 3, 1980.

On September 9, 1980, OPM notified Chase that his application for retirement had not been approved because total disability for useful and efficient service as an aircraft mechanic had not been shown. Upon reconsideration, OPM affirmed this denial of benefits. From that decision Chase appealed to the MSPB.

The MSPB conducted an evidentiary hearing on June 18, 1981, where all the evidence that had been before the OPM was examined and Chase and his wife were permitted to testify. On the basis of the medical evidence and thorough review of the entire record, the MSPB affirmed the OPM's decision denying Chase disability retirement benefits. The MSPB denied ap-

---

* Honorable Eugene A. Gordon, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.

pellant's request for review of its initial decision, and Chase sought judicial review by this Court pursuant to 5 U.S.C. § 7703(a)(1).

We are initially confronted with the question of whether this Court has jurisdiction to hear this appeal. Determination of this question rests almost entirely upon the applicability of certain statutes.

The appellant argues that we have jurisdiction under 5 U.S.C. § 7703(a)(1), the general judicial review provision for final orders of the MSPB, which states: "Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision."

The government, on the other hand, depends upon the language of 5 U.S.C. § 8347(c), as amended in 1980, which, in defining the rights of applicants for disability, states in pertinent part: "Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review.[1] We agree with the government and find that under the facts of this case we have no jurisdiction.

The Eighth Circuit in *Morgan v. Office of Personnel Management, Merit Systems Protection Board,* 675 F.2d 196 (8th Cir.1982), upon facts strikingly similar to what we have here, held that § 8347(c) precludes judicial review of disability retirement decisions, except for those decisions involving agency-initiated involuntary applications based on the employee's mental condition. We find this decision to be correct and applicable to this case.

The appellant urges upon appeal the rule stated by the Court of Claims in *Scroggins v. United States,* 397 F.2d 295, 297, 184 Ct.Cl. 530, *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968), and fol-

lowed by the Ninth Circuit in *Parodi v. Merit Systems Protection Board and Office of Personnel Management,* 690 F.2d 731 (9th Cir.1982), that "... at best, a court can set aside the Commission's determination 'only where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" We are not here confronted with such error and find those cases to be inapposite.

In sum, we hold that 5 U.S.C. § 8347(c) precludes judicial review of MSPB decisions in voluntary disability retirement decisions, such as the case at bar. Accordingly, appellant's petition is dismissed.

---

1. 5 U.S.C. § 8347(d)(1) clearly permits an individual to appeal an adverse disability retirement decision of the OPM to the MSPB. Subsection (d)(2) concerns agency-initiated disability claims based upon the individual's mental condition. This subsection permits judicial review but has no application to the disability claimed here.