William R. PITZAK, Petitioner,

v.

OFFICE OF PERSONNEL MANAGE-
MENT, Respondent.

No. 82–1592.

United States Court of Appeals,
Tenth Circuit.

July 14, 1983.

George E. Brown, Jr., Salt Lake City, Utah, for petitioner.

Brent D. Ward, U.S. Atty., and Joseph W. Anderson, Asst. U.S. Atty., Salt Lake City, Utah, for respondent.

Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Petitioner William R. Pitzak seeks review of the final order of the Merit Systems Protection Board affirming the Office of Personnel Management's determination that the petitioner was not eligible for disability retirement under 5 U.S.C. § 8337(a). The petitioner applied for disability retirement on November 6, 1979, complaining of a nervous disorder caused by his working environment. His application, which was supported by a statement from his superior officer attesting to his lack of productivity and by the recommendations of four doctors that he be retired, was denied by the Office of Personnel Management (OPM). On reconsideration the OPM affirmed its original denial. The petitioner sought an administrative review by the Merit Systems Protection Board. When the OPM failed to timely respond to the appeal, the petitioner sought judgment in his favor as a sanction against the OPM. The Board, after a hearing at which the OPM did not appear, affirmed the decision of the OPM. After the petitioner's request for reconsideration by the Board was granted, the OPM again failed to timely file a response. Nevertheless, the Board issued a final order upholding the OPM's decision.

The petitioner's challenge to the Board's order argues several bases for reversal: (1) the decision to deny the petitioner disability retirement was arbitrary, capricious, an abuse of discretion, and unsupported by substantial evidence; (2) the Board failed to follow the procedures required by law when it discredited the testimony of the petitioner's medical expert that was not refuted on cross-examination and when it failed to sanction the OPM for untimely responses; and (3) the failure of the Board to follow required procedures violated the petitioner's equal protection and due process rights. The OPM contends that the decision to deny the petitioner disability retirement is not subject to judicial review and thus that this Court is without jurisdiction to consider the petitioner's claims. We consider the jurisdiction argument first.

The petitioner relies upon 5 U.S.C. § 7703(a)(1), which provides:

"Any employee or applicant for employment adversely affected or aggrieved by

a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision." Judicial review under that section is vested in the Court of Claims or the United States Courts of Appeals, which can set aside agency action that is arbitrary, capricious, an abuse of discretion, obtained by improper procedures, unsupported by substantial evidence, or otherwise not in accordance with law. 5 U.S.C. § 7703(b)(1), (c). The OPM claims that judicial review of disability retirement determinations is controlled by 5 U.S.C. § 8347(c), as it read prior to amendment in 1980. That section provided:

"(c) The Office [of Personnel Management] shall determine questions of disability and dependency arising under this subchapter. The decisions of the Office concerning these matters are final and conclusive and are not subject to review." [1]

The OPM claims that the language of 5 U.S.C. § 8347(c) precludes all judicial review of an action in which a determination of disability is made.

 While the scope of judicial review of administrative agency action may be limited by statute, there is a presumption that agency action is reviewable; judicial review will be precluded only if Congress' intent to preclude such review is clear and convincing. *Barlow v. Collins,* 397 U.S. 159, 166–67, 90 S.Ct. 832, 837–838, 25 L.Ed.2d 192 (1970) (citing *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140–41, 87 S.Ct. 1507, 1510–1512, 18 L.Ed.2d 681 (1967). The OPM argues that the statute specifically dealing with disability determinations controls over the general statute dealing with reviewability of the orders of the Board; it also argues that the language stating that the decisions of the OPM are final and

conclusive and not subject to review clearly evinces an intent to preclude review. It cites *Chase v. Director, Office of Personnel Management,* 695 F.2d 790 (4th Cir.1982), *Morgan v. Office of Personnel Management,* 675 F.2d 196, 199 (8th Cir.1982), and *Washington v. Jacobs,* 458 F.2d 785, 787 (D.C.Cir.), *cert. denied,* 409 U.S. 895, 93 S.Ct. 161, 34 L.Ed.2d 153 (1972). Those cases state that disability determinations in which the request for disability retirement was initiated by the employee are not judicially reviewable.

 We read 5 U.S.C. § 8347(c) to give the OPM final and unreviewable authority to make the factual determination whether an applicant for disability retirement is disabled. In this case, the petitioner's claims that the decision of the OPM to deny him disability retirement was arbitrary and capricious, an abuse of discretion, or unsupported by substantial evidence are actually challenges to the factual determination of the agency. Therefore, we cannot review them. However, we do not hold that all judicial review is barred. Rather, we agree with those cases holding that the circuit courts may review decisions of the Board to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297 (Ct.Cl.), *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968). *See also Parodi v. Merit Systems Protection Board,* 690 F.2d 731, 736–37 (9th Cir.1982); *Plaxico v. Merit Systems Protection Board,* No. 80–3214 (6th Cir. August 18, 1980). A specific statute controls over a general statute, *Morton v.*

---

1. As amended in 1980, 5 U.S.C. § 8347 provides in part:

"(c) The Office shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review....

(d) . . .

(2) In the case of any individual found by the Office to be disabled in whole or in part on the basis of the individual's mental condition, and that finding was made pursuant to an application by an agency for purposes of disability retirement under section 8337(a) of this title, the procedures under section 7701 of this title shall apply and the decision of the Board shall be subject to judicial review under section 7703 of this title."

*Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482–2483, 41 L.Ed.2d 290 (1974), but "[t]he courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Id.* at 551, 94 S.Ct. at 2483. It is possible to give effect to Congress' obvious intent to foreclose judicial review of the sufficiency of the medical evidence in these cases, yet preserve the generally recognized duty of the courts to require a governmental agency to follow the procedural and substantive framework established in the act the agency administers and to prevent the agency from violating constitutional rights. *See Dunlop v. Bachowski,* 421 U.S. 560, 567–68, 95 S.Ct. 1851, 1857–1858, 44 L.Ed.2d 377 (1975).[2] Therefore, the claims of the petitioner that the OPM and the Merit Systems Protection Board failed to comply with the required procedures and that the agency actions violated his constitutional rights are subject to review.

The petitioner contends that both the OPM and the Board failed to follow required procedures, in that the OPM failed to timely respond to the petitioner's application and his appeal to the Board and the Board failed to sanction the OPM for its untimely responses. Additionally, the petitioner claims that the Board applied improper procedure in rejecting the testimony of the petitioner's expert, since that testimony was not refuted. None of these claims represents a substantial departure from important procedural rights.

The lack of punctuality of the OPM, in the absence of a claim by the petitioner that the delay resulted in legal prejudice to him, is not error requiring a

---

**2.** We do not accept the OPM's argument that it has interpreted the statute to deny any judicial relief and that its interpretation is entitled to deference because it is the agency charged with the enforcement of the statute. *See Investment Company Institute v. Camp,* 401 U.S. 617, 626–27, 91 S.Ct. 1091, 1096–1097, 28 L.Ed.2d 367 (1971). While we agree that an agency's interpretation of its own statutory mandate is entitled to deference, we are not convinced that the argument made by the counsel for the agency in its brief is an official interpretation by the agency: "Congress has delegated to the administrative official and not to appellate counsel the responsibility for elaborating and enforcing statutory commands. It is the administrative official and not appellate counsel who possess the expertise that can enlighten and rationalize the search for the meaning and intent of Congress." *Id.* at 628, 91 S.Ct. at 1098. In the legislative history to the 1980 amendment to § 8347 is a letter from Alan K. Campbell, the Director of Personnel Management, who while arguing that expanded judicial review should be given only to cases of involuntary disability retirement, stated:

"We believe that it is reasonable and proper to restrict expanded judicial review to involuntary disability retirements. An employee who voluntarily applies for disability retirement seeks to establish title to a benefit granted by law; the Office of Personnel Management is the administrative agency charged under the law with the managerial function of adjudicating disability retirement claims. It is appropriate, therefore, that OPM decisions on voluntary applications be conclusive, reviewable only to determine whether there has been a substantial procedural error, misconstruction of governing legislation, or some like error going to the heart of the administrative determination."

H.R.Rep. No. 1080, 96th Cong., 1st Sess. 8 (1980). *See also Health Benefit Plan For Retired Federal Employees: Hearing on H.R. 2510 Before the Subcommittee on Compensation and Employee Benefits of the Committee on Post Office and Civil Service, House of Representatives,* 96th Cong., 1st Sess. 4 (1979) (statement of Gary Nelson, Associate Director, Compensation Group, Office of Personnel Management):

"Furthermore, if there are questions of proper procedure or constitutional issues, these questions may be raised in the Federal court system. Only the questions of disability itself, which is a question of medical fact, is actually barred from judicial review by section 8347(c).

We believe that these protections are adequate. The right to a de novo hearing by the Merit System Protection Board is new, and we think we should see how this works before giving the courts a similar right to review. The courts already may review questions of procedure as distinguished from questions of fact concerning the disability itself, and employees are, therefore, not entirely precluded from obtaining judicial review."

If there is any agency interpretation entitled to deference, it would seem to be that the procedural and constitutional aspects of disability decisions are reviewable.

reversal of agency action. *Cf. Equal Employment Opportunity Commission v. Exchange Security Bank,* 529 F.2d 1214, 1216 (5th Cir.1976) (Administrative Procedure Act requires showing of prejudice before agency action will be set aside for lack of punctuality). The claim that the Board erred in not giving judgment to the petitioner as a sanction for the OPM's delays is without merit. The use of sanctions by the Board is not compulsory, and the Board did sanction the OPM for failure to respond on time: the OPM's response was stricken from the record and was not considered by the Board. The claim that the Board was required to accept the testimony of the petitioner's expert because it was unrebutted is also without merit. The OPM's failure to appear at the hearing to cross-examine the petitioner's witness does not make that testimony controlling when it is contradicted by other evidence in the record before the Board. *Cf. Perlmutter v. Commissioner,* 373 F.2d 45, 48 (10th Cir.1967) (uncontradicted testimony is not controlling if circumstances in the record cast doubt on its verity). We see no procedural default on the part of the agency sufficient to implicate the due process rights of the petitioner. The allegation that the petitioner's application and appeal would have been dismissed by the Board if the petitioner, rather than the OPM, had failed to timely respond does not constitute a denial of equal protection.

Because we find no substantial departure from important procedural rights and no constitutional infirmity in the actions of the Office of Personnel Management and the Merit Systems Protection Board, we uphold the final order of the Board.

AFFIRMED.