**Arthur E. HACKETT, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGE-MENT, Respondent.**

No. 81–3505.

United States Court of Appeals,
Sixth Circuit.

Submitted May 24, 1983.

Decided Nov. 23, 1983.

Norman G. Zemmelman, Britz & Zemmelman, Toledo, Ohio, for petitioner.

Evangeline Swift, General Counsel, Merit Systems Protection Board, William Kanter, U.S. Dept. of Justice, Appellate Section—Civil Div., Washington, D.C., Patrick J. Foley, Loúise L. Hill, Asst. U.S. Attys., Toledo, Ohio, for respondent.

Before LIVELY, Chief Circuit Judge, CONTIE, Circuit Judge, and SILER, District Judge.[*]

SILER, District Judge.

The petitioner, a former postal worker, appeals from a decision of the Merit Systems Protection Board (MSPB) affirming a denial of disability retirement benefits under the Civil Service Retirement Act of 1920. He suffered a back injury while on duty on September 23, 1979. When he returned to work on orders from the Toledo, Ohio, Post Office, he alleged he could not perform certain tasks assigned, so he was sent home because there were no jobs available within the mail handler craft that would comport with his alleged physical limitations. Thereafter, he filed for disability retirement benefits with the Office of Personnel Management (OPM) on November 6, 1979. After OPM denied the application for benefits, he appealed to the MSPB, which held an evidentiary hearing on the application. When it affirmed the OPM on July 29, 1981, he sought review before this court under 5 U.S.C. § 7703.

The primary issue to be resolved concerns the scope of judicial review, for if this court does not have jurisdiction, then the merits of the claim cannot be reached. We hold that this court does not have jurisdiction to entertain this appeal.

Section 7703 of Title 5, United States Code, provides in part:

(a)(1) Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may ob-

---

[*] The Honorable Eugene E. Siler, Jr., United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

tain judicial review of the order or decision.

\* \* \* \* \* \*

(b)(1) ... [A] petition to review a final order or final decision of the Board shall be filed in the Court of Claims or a United States court of appeals as provided in chapters 91 and 158, respectively, of title 28....

\* \* \* \* \* \*

(c) In any case filed in the United States Court of Claims or a United States court of appeals, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule or regulation having been followed; or

(3) unsupported by substantial evidence; ...

However, this scope of review for decisions of the MSPB is restricted by 5 U.S.C. § 8347, which provides:

(c) The Office [of Personnel Management] shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review....

(d)(1) Subject to paragraph (2) of this subsection, an administrative action or order affecting the rights or interests of an individual or of the United States under this subchapter may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board.

(2) In the case of any individual found by the Office to be disabled in whole or in part on the basis of the individual's mental condition, and that finding was made pursuant to an application by an agency for purposes of disability retirement under section 8337(a) of this title, the procedures under section 7701 of this title shall apply and the decision of the Board shall be subject to judicial review under section 7703 of this title.

OPM urges this court to determine that 5 U.S.C. § 8347(c) provides that there is no jurisdiction over this matter, and, therefore, the appeal should be dismissed, following the decisions in *Chase v. Director, Office of Personnel Management,* 695 F.2d 790 (4th Cir.1982); *Campbell v. Office of Personnel Management,* 694 F.2d 305 (3d Cir.1982); and *Morgan v. Office of Personnel Management,* 675 F.2d 196 (8th Cir.1982).

On the other hand, the petitioner advocates the adoption of the rule from *Scroggins v. United States,* 397 F.2d 295 (Ct.Cl.), *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968), where the court held that judicial review was restricted to those situations "only where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* at 297, quoting from *Gaines v. United States,* 158 Ct.Cl. 497, 502, *cert. denied,* 371 U.S. 936, 83 S.Ct. 309, 9 L.Ed.2d 271 (1962).

This view, known as the *Scroggins* rule,[1] has been adopted in *Pitzak v. Office of Personnel Management,* 710 F.2d 1476 (10th Cir.1983);[2] *Turner v. Office of Personnel Management,* 707 F.2d 1499 (D.C.Cir.1983); *McCard v. Merit Systems Protection Board,* 702 F.2d 978, 981 (11th Cir.1983); and *Parodi v. Merit Systems Protection Board,* 702

---

1. This has been labeled a " 'fundamental fairness' due process concept to support jurisdiction" by the court in *Lancellotti v. Office of Personnel Management,* 704 F.2d 91, 96 (3rd Cir.1983).

2. Unfortunately, the *Pitzak* decision cited *Plaxico v. Merit Systems Protection Board,* No. 80–

3214, an unpublished order of August 18, 1980, from this court. Such orders are not precedent. *See* Rule 11, Rules for the United States Court of Appeals for the Sixth Circuit; *Krolick Contracting Corp. v. Benefits Review Board,* 558 F.2d 685 (3d Cir.1977).

F.2d 743 (9th Cir.1982). The Court of Claims has also followed it in numerous cases. *See, e.g., Fitzgerald v. United States,* 224 Ct.Cl. 215, 623 F.2d 696 (1980); *Polos v. United States,* 223 Ct.Cl. 547, 621 F.2d 385 (1980); *Fancher v. United States,* 218 Ct.Cl. 504, 588 F.2d 803 (1978); *McFarland v. United States,* 207 Ct.Cl. 38, 517 F.2d 938 (1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976); *McGlasson v. United States,* 184 Ct.Cl. 542, 397 F.2d 303 (1968).

The *Scroggins* rule has been eroded considerably, if not completely, by the decision in *United States v. Erika, Inc.,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), where the Supreme Court held the Court of Claims had no jurisdiction to review determinations by private insurance carriers of the amount of benefits payable under Part B of the Medicare statute, as judicial review was curtailed by 42 U.S.C. § 1395ff. The Court of Claims had relied upon the *Scroggins* doctrine to allow it limited jurisdiction in that case. Moreover, in *Lancellotti v. Office of Personnel Management,* 704 F.2d 91 (3d Cir.1983), the Third Circuit, following *Campbell v. Office of Personnel Management, supra,* suggested that "*Erika* thus casts considerable doubt on the continued validity of *Scroggins* and its progency." *Id.* at 97 n. 10.

However, if there was any question as to the viability of *Scroggins* after the decision in *Erika,* the United States Court of Appeals for the Federal Circuit put the issue to rest in its recent decision in *Lindahl v. Office of Personnel Management,* 718 F.2d 391 (1983) (*en banc*), when it held that the *Scroggins* rule is no longer applicable, as it stated:

If the cases of our predecessor court [Court of Claims] referring to the "Scrog-gins formula" were interpreted as holding that § 8347(c) and (d) leave room for judicial review of voluntary disability retirement annuity claims, those cases to that extent would have to be viewed as wrongly decided and overruled.

*Id.* at 396.[3]

Therefore, all these cases which have followed the reasoning or precedent from *Scroggins* must be reassessed in light of the *Lindahl* decision.

Congress spoke quite clearly on this matter when it amended 5 U.S.C. § 8347 through Public Law 96–500, 94 Stat. 2696 (1980), by providing very specifically for judicial review only in cases involving *mental* disabilities. As this case at bar does not involve a mental disability, but is, instead, a voluntary physical disability retirement claim, similar to that in *Lindahl,* it is evident that there is no right to review by this court.[4]

Congress obviously has the authority to limit judicial review in this type of claim, *see United States v. Erika, supra,* and it has chosen to limit judicial review in a variety of other types of cases involving federal claims. An example of this is found in veterans' benefits, where judicial review is precluded under 38 U.S.C. § 211(a). Only where there is a constitutional attack on the legislation is any review allowed. *See Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974).

The claimant here has not attacked the constitutionality of the legislation. Instead, he suggests the decision of the MSPB was not supported by substantial evidence. The "substantial evidence" scope of review has never been adopted in these appeals by any of the circuits, even when they have followed the *Scroggins* rule.

---

**3.** When the Federal Courts Improvement Act was passed, Public Law 97–164, 96 Stat. 25 (1982), the Court of Appeals for the Federal Circuit was created and took over appellate matters from the Court of Claims. Later, it held that case law from the old Court of Claims would be binding precedent for it. *See South Corp. v. United States,* 690 F.2d 1368 (Fed.Cir. 1982).

**4.** As the concurring opinion by Judge Nichols suggests in *Lindahl,* 5 U.S.C. § 8347(c) makes no distinction between voluntary and involuntary disability claims, but only focuses on *mental* disabilities. As there is no *involuntary* disability claim here, we do not need to decide at this time the scope of judicial review in that type of claim. *See Chase v. Director, Office of Personnel Management, supra.*

Therefore, we follow the decisions in *Lindahl, Chase, Campbell* and *Morgan* in holding that this Court has no jurisdiction to hear this appeal. The merits of the claim will not be reached.

Accordingly, the motion by OPM to dismiss for lack of jurisdiction will be granted.