947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CARDIOMED, INC., Plaintiff-Appellee,
v.
KARDIOTHOR, INC., Cobe Laboratories, Defendants-Appellants,
and
Does 1 Through 50, Defendants.
 No. 91-4032.
 United States Court of Appeals, Tenth Circuit.
 Oct. 31, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal the district court's order of February 13, 1991, denying their Motion for Stay of Action Pending Arbitration Proceedings. Defendants moved for a stay pursuant to the Federal Arbitration Act, which requires a federal court, upon application of a party, to stay a suit that is brought on an issue the court concludes is referable to arbitration under a written agreement concerning a transaction involving commerce. 9 U.S.C. §§ 2, 3. Defendants filed a timely notice of appeal from the district court's denial of their motion pursuant to 9 U.S.C. § 16, which permits a party to appeal from the denial of a stay under § 3. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a). See Peterson v. Shearson/American Express, Inc., 849 F.2d 464, 465 (10th Cir.1988). Based upon our de novo review, Republic of Nicar. v. Standard Fruit Co., 937 F.2d 469, 474 (9th Cir.1991), we reverse.
 
 
 3
 Plaintiff Cardiomed, Inc. and Defendant Kardiothor, Inc. entered into a License and Distribution Agreement in 1987 pursuant to which Cardiomed was to be the exclusive distributor in four states of a blood recovery and cell-washing system manufactured by Kardiothor. The agreement provided in Article 9 that "[d]isputes arising from the process of termination, that are not determined by this contract, and which are not satisfactorily negotiated by both parties within thirty (30) days of notice of termination, shall be submitted to the American Arbitration Association." Appellants' App. at 23.
 
 
 4
 In 1988, Cardiomed brought suit alleging that Kardiothor had breached the agreement by various acts, including attempting to terminate the agreement without justification, and that Cobe Laboratories, Kardiothor's successor in interest, had tortiously interfered with the parties' contractual relationship. The suit sought damages, as well as a declaratory judgment that
 
 
 5
 the language of the agreement upon which Kardiothor claims to rely for unilateral termination of the agreement does not in fact justify termination under the circumstances, but is rather a breach of the agreement by Kardiothor, and further that as such, no right to binding arbitration under Section 9 of the agreement presently exists.
 
 
 6
 Appellants' App. at 11. Before answering Cardiomed's amended complaint, Kardiothor and Cobe Laboratories filed a motion to stay the proceedings because Cardiomed's claim for declaratory relief concerned a subject that the parties had agreed to submit to arbitration under Article 9 of the agreement. The district court denied the motion without stating its reasons for doing so.
 
 
 7
 Our analysis of this appeal is guided by three general principles. First, although the distribution agreement provides that it is to be governed by Texas law, whether the parties' dispute is arbitrable is determined by federal law. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. DeCaro, 577 F.Supp. 616, 619 (W.D.Mo.1983). Second, "the court's role is limited to determining whether the parties submitted the 'subject matter' of a particular dispute to arbitration." Denhardt v. Trailways, Inc., 767 F.2d 687, 690 (10th Cir.1985). Third, "[t]here is a strong federal policy favoring arbitration for dispute resolution." Peterson, 849 F.2d at 465. Accordingly, all "doubts are to be resolved in favor of arbitrability." Oil, Chem. & Atomic Workers Int'l Union, Local 2-124 v. American Oil Co., 528 F.2d 252, 254 (10th Cir.1976).
 
 
 8
 Pursuant to the arbitration clause at issue here, a dispute must (1) arise from the process of termination, (2) not be determined by the agreement, and (3) not be satisfactorily negotiated by the parties within thirty days of notice of termination, to be arbitrable. In support of the district court's order denying stay, Cardiomed advances arguments based on each of these three conditions.
 
 
 9
 First, Cardiomed argues that because the distribution agreement did not permit Kardiothor to terminate it on the ground allegedly advanced by Kardiothor--that Kardiothor had been acquired by Cobe Laboratories--Kardiothor's attempt to terminate the agreement was a breach of the agreement, not a termination thereof, so the dispute between the parties did not arise from the process of termination. This argument is circular, and we reject it. Cardiomed's claim for declaratory relief disputes Kardiothor's right to terminate the agreement. Such a dispute necessarily arises from the process of termination.
 
 
 10
 Second, Cardiomed argues that even if Kardiothor attempted to terminate the agreement because Cardiomed breached its obligation to perform, the propriety of that termination would not be arbitrable because the agreement determines Cardiomed's obligations to perform. In deciding whether an issue is arbitrable, we must accept the facts as advanced by the party seeking arbitration. See Shanferoke Coal & Supply Corp. v. Westchester Serv. Corp., 70 F.2d 297, 299 (2d Cir.1934), aff'd, 293 U.S. 449 (1935). Kardiothor contends that one of the reasons it terminated the agreement is that Cardiomed failed to "use its best efforts to develop and exploit the markets and to sell the System in the Exclusive Territory," as required by Article 2.5 of the agreement. Appellants' App. at 16. Pursuant to Article 7.1(2), a party may terminate the agreement upon written notice if the other party fails to cure a material breach within thirty days after receipt of written notice of the breach. Id. at 22. Kardiothor presented evidence to the district court that it sent written notice to Cardiomed in March of 1988 that Cardiomed was in breach of the agreement because it had failed to use its best efforts to promote the system, and that in September and December of that year, Kardiothor sent Cardiomed written notice of termination. Id. at 63-64, 60, 61-62.
 
 
 11
 We reject Cardiomed's contention that the propriety of terminating the agreement due to Cardiomed's alleged failure to perform is not arbitrable. Under Cardiomed's theory, the propriety of termination could never be arbitrable, because the agreement sets forth the circumstances under which it can be terminated. In a sense, every dispute is determined by the contract because the contract governs the relationship between the parties. Such a broad construction is inappropriate, however, because it negates the arbitration clause altogether. Assuming that Cardiomed's theory is somewhat narrower, if we extend it to its logical conclusion, the dispute here still would be arbitrable because the agreement does not define what constitutes "best efforts." Therefore, a dispute as to whether Cardiomed used its best efforts would not be determined by the agreement.
 
 
 12
 Finally, Cardiomed argues that no claim before the court failed to be satisfactorily negotiated by both parties within thirty days of notice of termination. Specifically, Cardiomed contends that because Article 14 of the agreement requires that any notice be given by personal delivery or by registered mail and Kardiothor's termination letter of September 29, 1988, was not sent by registered mail, it did not constitute notice of termination that would trigger the thirty-day negotiation period set forth in the arbitration clause. Again, we reject Cardiomed's argument.
 
 
 13
 Cardiomed does not deny that it received Kardiothor's letter of September 29, 1988, nor does it deny that the letter unequivocally states that Kardiothor is terminating the agreement. See Appellants' App. at 60. Cardiomed obviously understood the letter to be a notice of termination, as Cardiomed filed suit shortly thereafter seeking to prevent Kardiothor from terminating the agreement. Kardiothor gave Cardiomed written notice of termination and thereby fulfilled the condition precedent to arbitration set forth in the agreement. The purpose of providing for service of a notice by personal delivery or registered mail is to assure receipt of the notice and avoid disputes about receipt. Cf. Fleisher Eng'g & Constr. Co. v. United States, 311 U.S. 15, 18-19 (1940) (making same distinction regarding requirement in Miller Act that notice be sent by registered mail). Under the circumstances, Cardiomed got what it bargained for in the agreement. See LJC Corp. v. Boyle, 768 F.2d 1489, 1495 (D.C.Cir.1985). Moreover, on December 7, 1988, after Cardiomed filed suit but more than thirty days before Kardiothor and Cobe Laboratories moved for a stay of the proceedings, Kardiothor sent Cardiomed a second notice of termination by registered mail. See Appellants' App. at 61. Therefore, at the time Kardiothor and Cobe Laboratories sought to stay the proceedings, the thirty-day negotiation period had expired.
 
 
 14
 We conclude that the district court erred in not holding that Cardiomed's claim concerning termination was arbitrable. Kardiothor and Cobe Laboratories concede that not all of Cardiomed's claims are arbitrable, but argue, nonetheless, that the district court should stay the proceedings on all claims pending arbitration. Whether to stay all proceedings pending arbitration, or only those proceedings relating to the arbitrable issues, is a matter within the discretion of the district court. Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 856 (2d Cir.1987). Because the district court apparently concluded that none of the claims raised in the amended complaint was arbitrable, it did not consider whether the arbitrable claim should be severed from the nonarbitrable claims, or whether proceedings should be stayed on all claims pending arbitration. We note that resolution of some of Cardiomed's other claims may depend on whether Kardiothor's attempt to terminate the agreement was proper. On remand, the district court should address this matter and enter a stay order accordingly.
 
 
 15
 The judgment of the United States District Court for the District of Utah is REVERSED, and the case is REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3