Honorable Gail Schoettler Colorado State Treasurer State of Colorado Department of the Treasury Room 104, State Capitol Building Denver, Colorado 80203
Dear Ms. Schoettler:
This opinion letter responds to your inquiry about the extent to which Public School Permanent Fund moneys qualify for separate insurance by the federal government.
QUESTION PRESENTED AND CONCLUSION
Does the Treasurer's status as trustee of the Public School Permanent Fund qualify it for separate federal insurance under12 C.F.R. § 330.6(1)?
No.
ANALYSIS
Colo. Const. art. IX, § 3 requires the Treasurer, as custodian of the Public School Permanent Fund (Fund), to keep the Fund forever "inviolate and intact," with the interest, only, expended in the maintenance of state schools. The money in the Fund is held in trust. People ex rel. Dunbar v.City of Littleton, 183 Colo. 195, 515 P.2d 1121, 1122
(1973).
This office has concluded in prior opinions that the Fund does not qualify for separate insurance because it is not a "public unit" under 12 U.S.C. § 1813(m) (1991) and12 C.F.R. § 330.8 (1990).[1] Your current inquiry is, however, triggered by the recently enacted Federal Deposit Insurance Corporation ("FDIC") Rules and Regulations, 12 C.F.R. 330.6(a) (4/30/90), which states that:
 Funds owned by a principal . . . and deposited into one or more deposit accounts in the name of a custodian . . . shall be insured to the same extent as if deposited in the name of the principal.
This provision does not alter the law. As we concluded previously in our 1978 opinion, the State Fund, not qualifying as a public unit, is aggregated with other State funds deposited by the Treasurer, with total coverage of all such aggregated funds being $100,000.
There is specific statutory guidance on the question.12 C.F.R. 330.6(a) addresses FDIC coverage of trust funds generally, but12 U.S.C. § 1817(i) (1991) provides for specific treatment of trust funds owned by public units referred to in 12 U.S.C. § 1821(a)(2) (1991).[2] 12 U.S.C. § 1817(i) (1991) sets forth the general rule for determining the amount of insurance for trust funds "[e]xcept with respect to trust funds which are owned by a depositor referred to in . . . [12 U.S.C. § 1821(a)(2)]." Section § 1821(a) is concerned with and is headed, inter alia, ". . . insurance of public funds; aggregate amount of public funds. . . ." Subsection (a)(2)(A) then sets forth the various public entities which are entitled to insurance in the amount of $100,000 per account. As expressed in the April 1978 opinion, the Public School Permanent Fund does not fit into any of these categories of public funds, but rather is aggregated with all other public funds where there is no custodial control over expenditures.
Moreover, the fund is not a "public unit" pursuant to § 1821(a)(2)(A). There is nothing in the statutory scheme which permits an account not qualifying as a public unit to separate insurance through an alternative classification as a trust fund. Accordingly, the statutory scheme does not permit the public unit trust funds to receive more than the coverage extended to any other public unit accounts.
SUMMARY
The Public School Permanent Fund does not qualify for separate federal insurance as the result of the Treasurer being trustee of the Fund.
Sincerely,
 GALE A. NORTON Attorney General
PUBLIC FUNDS INSURANCE BANKS AND BANKING
Colo. Const. art. IX, § 3
12 C.F.R. § 330.8 (1/1/90)12 U.S.C. § 1813(m) (1991)12 U.S.C. § 1817(i) (1991)12 U.S.C. § 1821(a)(2) (1991)
FDIC Rules and Regulations 330.6(a) (4/30/90)
Treasury, Dept. of
Public School Permanent Fund does not qualify for separate insurance as the result of the Treasurer being trustee of the Fund.
[1] See attached Informal Attorney General's Opinion, dated April 10, 1978.
[2] A specific statute controls over a general statute, and if they are capable of co-existence it is the duty of the courts to regard each as effective. Pitzak v. Office of PersonnelManagement, 710 F.2d 1476 (10th Cir. 1983). Seealso United States. v. Prescon Corp., 695 F.2d 1236
(10th Cir. 1983) (a specific provision will govern notwithstanding the fact that a general provision, standing alone, may include the same subject matter).